Zimmerman, J.
 

 Two questions arise upon this appeal. First, may the Court of Common Pleas, for good cause shown and in the exercise of sound discretion vacate a judgment, during the term in which it was rendered and before an appeal has been instituted, to permit the preparation and timely filing of a bill of exceptions and later, during the same term, enter a
 
 *473
 
 new judgment, from the date of which latter judgment, the time for perfecting an appeal will begin to run? Second, does the vacation of a vacatur followed by the entry of a new judgment resurrect and reinstate the original judgment?
 

 It is axiomatic that ‘ ‘ a court' of record or of general jurisdiction which has rendered a judgment may open, vacate, or modify it during the term at which it was rendered, in the exercise of a sound discretion” and in so doing is not restricted to the grounds enumerated in Section 11631, General Code. 23 Ohio Jurisprudence, 1175,1177, Sections 1064, 1065. See, also,
 
 First National Bank of Dunkirk
 
 v.
 
 Smith,
 
 102 Ohio St., 120, 130 N. E., 502, and
 
 Moherman
 
 v.
 
 Nickels,
 
 140 Ohio St., 450, 45 N. E. (2d), 405, 143 A. L. R., 1174.
 

 However, the plaintiffs, appellees herein, assert and rely on another rule which is to the effect that in the absence of a statute expressly permitting it, a trial court may not extend the time for appealing a cause by re-entering a judgment at a subsequent date for the purpose of fixing a new date for appeal. 2 Ohio Jurisprudence, 416, 497, Sections 213, 246; 3 American Jurisprudence, 141, Section 418; 4 Corpus Juris Secundum, “Appeal and Error,” 929, Section 458.
 

 An expression often heard is that every litigant is entitled to a trial and at least one review. “Being-remedial, appeals, and the right of appeal, are favored by the law.” 4 Corpus Juris Secundum, “Appeal and Error,” 88, Section 20.
 

 In the present case, a situation developed in the trial court which demanded a remedy if one could be found. The defendant-appellant had lost its case and in applying for a new trial raised and relied upon the grounds that the verdict was against the manifest weight of the evidence and that the court had erred in its general charge. To present effectively those grounds of error to the Court of Appeals on appeal, it
 
 *474
 
 was necessary to have a transcript of
 
 all
 
 the evidence, embodied in a bill of exceptions. See
 
 Majewski
 
 v.
 
 Lake Shore Electric Ry. Co.,
 
 71 Ohio St., 487, 74 N. E., 1138; 2 Ohio Jurisprudence, 629, Section 336;
 
 Elser
 
 v.
 
 Parke,
 
 142 Ohio St., 261, 272, 51 N. E. (2d), 711, 716.
 

 Because of the
 
 temporary disability
 
 of the reporter who had recorded the evidence at the trial, it was impossible to have prepared and filed, within the period prescribed by statute, a bill of exceptions containing the evidence. Recognizing the dilemma in which the defendant found itself, the Court of Common Pleas, during the same term in which the judgment against the defendant had been rendered, vacated such judgment and later entered a new one to afford the defendant the review which, if possible, should be preserved to it.
 

 Under the circumstances narrated no undue delay in the proceedings occurred and no abuse of discretion may be attributed to the trial court.
 

 A problem, resembling in some respects the instant one, arose in the case of
 
 Merchants Banking & Storage Co.
 
 v.
 
 Zipperle,
 
 42 W. L. B., 224, O. S. U., 848. There, the trial court, the Court of Common Pleas, directed a verdict for the defendant and overruled plaintiff’s motion for a new trial. Sixty-two days afterward, but during the same term, the court set aside the former order refusing a new trial, again overruled the motion for a new trial, again rendered judgment for costs against plaintiff and then granted him 40 days in which to file a bill of exceptions. On error proceedings, this court affirmed the judgment of the Circuit Court which held that the course pursued was not erroneous, and that the court had control of its orders and judgments during the term and was chargeable with no abuse of discretion in what it did.
 

 In the case of
 
 Amazon Rubber Co.
 
 v.
 
 Morewood Realty Holding Co.,
 
 109 Ohio St., 291, 142 N. E., 363,
 
 *475
 
 it was held that proceedings in error must be commenced within a specified time from the entry of judgment in the trial court, but Judge Jones said in the opinion:
 

 “If occasion should arise where one of the litigants would suffer unjustly from an approved journal entry, the court has full power over its journals during the term, whereby relief may be granted; or, it may vacate or modify its judgment after the term for the causes enumerated in Section 11631, General Code. ’ ’
 

 Although the recently decided case of
 
 National Tube Co.
 
 v.
 
 Ayres, Aud.,
 
 152 Ohio St., 255, 89 N. E. (2d), 129, involved the Board of Tax Appeals, the rule was there announced that since administrative tribunals have control over their decisions until the actual institution of an appeal or until the expiration of the time for an appeal, they may, for good cause, vacate and set aside a decision and enter the same decision subsequently, and the time for taking an appeal will begin to run from the date of such later decision.
 

 We can discover no good or sufficient reason why this principle should not be applied in the instant case. Compare
 
 Hill, Admr.,
 
 v.
 
 Hawes et al., Trustees,
 
 320 U. S., 520, 88 L. Ed., 283, 64 S. Ct., 334, 149 A. L. R., 736, rehearing denied, 321 U. S., 801, 88 L. Ed., 1088, 64 S. Ct., 515.
 

 Those cases in which there was no vacation of a judgment or order are without application here. See
 
 Wyant
 
 v.
 
 Russell,
 
 109 Ohio St., 167, 142 N. E., 144, and
 
 Perfection Stove Co.
 
 v.
 
 Scherer,
 
 120 Ohio St., 445, 166 N. E., 376.
 

 In our view of the matter, then, the Court of Common Pleas, in the exercise of a sound discretion, in the furtherance of justice and before the filing of an appeal, possessed the power to vacate its judgment during term in order to permit the official reporter, tern-* porarily incapacitated, to prepare a complete bill of
 
 *476
 
 exceptions, which was necessary to enable defendant to have the Court of Appeals pass on assigned errors ; and such vacation of the judgment and the entry of a new one did not operate to extend the time for appeal in contravention of Section 12223-7, General Code, which provides that an appeal from the Court of Common Pleas to the Court of Appeals shall be perfected within 20 days after the filing of the journal entry of the judgment.
 

 We submit that a difference exists between arbitrarily re-entering a judgment for the sole purpose of extending the time for appeal and vacating a judgment for good cause, such as the one disclosed in the instant case, and entering judgment at a later time during the same term to save to a litigant, who is without fault, the privilege of appeal — a valuable and substantial remedy.
 

 This brings us to the next question, viz., whether the vacating of the vacatur resurrected and reinstated the judgment originally rendered. We are of the opinion that it did not.
 

 The generally accepted rule is that where a court, in the proper discharge of its judicial functions, vacates an order or judgment previously entered, the legal status is the same as if the order or judgment had never existed. In other words, the vacation of a judgment results in the destruction thereof. See
 
 Mitchell
 
 v.
 
 Joseph
 
 (C. C. A. 7), 117 F. (2d), 253, 255, and cases cited;
 
 Miles
 
 v.
 
 Layton, Chief Justice,
 
 38 Del., 411, 193 A., 567, 112 A. L. R., 786; 60 Corpus Juris Secundum, “Motions and Orders,” 77, Section 62; 31 American Jurisprudence, 319, Section 793.
 

 Since the judgment originally entered by the Court of Common Pleas was obliterated when it was vacated, the vacation of the vacatur coujd not resurrect and revitalize it. The second, judgment “is the only final judgment of the Court of Common Pleas in the case”
 
 *477
 
 and the period for appeal began to run from the time of its rendition.
 
 National Home for Disabled Volunteer Soldiers
 
 v.
 
 Overholser,
 
 64 Ohio St., 517, 519, 60 N. E., 628, 629.
 

 It follows that the judgment of the Court of Appeals dismissing the appeal is reversed, and the cause is remanded to that court for further proceedings.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Stewart, Turner and Taet, JJ., concur.