Zimmerman, J.
Certain members of this court entertain the view that the judgment of the Court of Appeals herein should be reversed on authority of Sours v. State, Director of Highways, 172 Ohio St., 242, 175 N. E. (2d), 77, 87 A. L. R. (2d), 1159, for the reason that wedging the summons between the front door and the door jamb of defendant’s residence was so haphazard and uncertain of receipt by defendant as to fail to meet the requirement of valid residence service within the contemplation and intendment of Section 2703.08, Revised Code, and hence the trial court acquired no jurisdiction over defendant.
However, a majority of the court prefers to place its judgment of reversal on the ground of an abuse of discretion on the part of the trial court. In the circumstances narrated and considering the time elements involved, the default judgment should have been vacated and defendant given leave to answer and to make such defense as she might have. It is important *135 to bear in mind that defendant’s motion and the accompanying unchallenged affidavit were filed promptly within the same term of court at which the default judgment was rendered.
Section 1901.21, Revised Code, provides in part:
“In any civil case or proceeding if no special provision is made in Sections 1901.01 to 1901.38, inclusive, of the Revised Code, the practice and procedure [in Municipal Courts] shall be the same as in Courts of Common Pleas. * * *”
And it is stated in Section 1901.13, Revised Code:
“In any action or proceeding of which a Municipal Court has jurisdiction, the court or any judge thereof has power:
“(A) To * * * vacate or modify a judgment * #
Surely, under the powers conferred on Municipal Courts by the General Assembly, such a court, a court of record, has control over its own orders and judgments during the term at which they are rendered and possesses the inherent right to suspend or vacate them during such term.
In the case of First National Bank of Dunkirk v. Smith, 102 Ohio St., 120, 130 N. E., 503, a judgment was rendered in favor of the plaintiff upon a cognovit note, and during the same term of court a motion was filed by defendant to vacate, set aside or modify the judgment. Such motion was sustained, the judgment was suspended, and defendant was given leave to file a defense to the note.
This court approved such procedure and held further that what is now Chapter 2325, Revised Code, entitled “Relief After Judgment” and pertaining to “the vacation and modification of judgments by the court, after the term at which they were made,” was inapplicable.
In the opinion in the case of Tims v. Holland Furnace Co., 152 Ohio St., 469, 473, 90 N. E. (2d), 376, 379, the statement is made:
“It is axiomatic that ‘a court of record or of general jurisdiction which has rendered a judgment may open, vacate, or modify it during the term at which it was rendered, in the exercise of a sound discretion’ and in so doing is not restricted to the grounds enumerated in Section 11631, General Code [which is present Section 2325.01, Revised Code].”
*136 See, also, Moherman v. Nickels, 140 Ohio St., 450, 45 N. E. (2d) 405, 143 A. L. R., 1174.
Here, defendant is entitled to her “day in court,” and she should have it.
The judgment of the Court of Appeals is reversed, and the cause is remanded to the Akron Municipal Court for further proceedings in conformity with this opinion.

Judgment reversed.

Taft, C. J., Matthias, 0 ’Neill, Griffith, Herbert and Gibson, JJ., concur.