TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Shannon L. MORRIS et al., Appellees.

No. 14936.

Court of Civil Appeals of Texas.

Houston.

Feb. 2, 1967.

Rehearing Denied Feb. 23, 1967.

Joe Resweber, County Atty., of Harris County, and Gus Drake, Asst. County Atty., Houston, for appellant.

R. E. McDaniel, Winnie, and Carey Williams, Houston, for appellees.

WERLEIN, Justice.

The Texas Department of Public Safety appeals from a temporary stay order granted appellees by the County Civil Court at Law No. 1, of Harris County, Texas, on their appeal from certain orders issued by appellant. Appellees, some 83 in number, whose names appear in their Third Amended Original Petition, alleged that all of them, with the exception of four, were residents of Harris County, and that the suit was brought as a class action under Rule 42, Texas Rules of Civil Procedure, there being a common question of law affecting their rights and common relief sought by them. They prayed for judgment declaring that the Safety Responsibility Law of the State of Texas is unconstitutional, and that the orders of the Department requiring them to surrender their registration and drivers' licenses are void; that the Department be enjoined from issuing further orders to any of them as long as stay orders were in effect; that the Department be required to renew their drivers' licenses upon tender of the proper fee; and that the court enter an order staying the surrender orders issued by the Department to them.

The trial court, after considering at some length in its judgment the general purpose of the Safety Responsibility Law of the State of Texas, stated in substance that the court construed Article 6701h, Sec. 2(b), to be mandatory, exclusive and jurisdictional; and that Article 6701h, Sec. 2(c) provided for a trial de novo with the burden of proof on the Department. The court did not make any findings of fact or conclusions of law, but in its judgment found that it was unnecessary to hold the judgments of the County Court of Shelby County valid, void or voidable, or to rule as to whether that court had potential or actual jurisdiction. The court further found that within thirty days from the issuance of "orders or acts" of suspension by the Department all the parties at interest in this case had appealed to the County Court at Law in Harris County, and all, with some exceptions, were residents of Harris County. The court further found that eight of the parties had been convicted or there were criminal complaints brought against them for alleged criminal acts growing out of collisions, and that a stay order could not be allowed as to them unless they filed evidence of their ability to pay the tentative damage deposit required by the Department; that the facts of each individual petitioner's case varied so greatly that a class suit was not warranted; and that each of the appeals held to be timely and properly brought in Harris County should be severed into separate cases to be as speedily tried on the merits as possible; and that certain of the petitioners should be dismissed because residents of Galveston County, and that such parties would have fifteen days to file an appeal in their respective counties "for good cause shown".

The court ordered and decreed that nine of the petitioners be dismissed from the proceeding and "that all parties heretofore showing admitted residence in Harris County, and having appealed herein from orders of the Department within 30 days from the latest issuance of such orders of suspension are declared to be properly before this Court and the Court finds that jurisdiction for the determination of their appeal is properly and by Statute in the County Civil Court at Law No. 1 for Harris County, Texas." The court further

decreed: "All temporary stays will be continued until each of their cases can be adjudicated on the merits of their appeals and each case will be severed from the mass and set up by the County Clerk as a separate docketed case for as speedy a trial and determination as can be orderly arranged;

" * * * that Article 6701h, Section 2–b of Vernon's Annotated Civil Statutes evidences a legislative intent that such Section is a mandatory, exclusive and jurisdictional provision for the Courts of Texas to grant relief to appellants in the County where they reside, under such Statute;" and that

"All relief not expressly granted is in all things denied."

Only the Texas Department of Public Safety has appealed. Its first Point of Error is: "The Trial Court erred in granting appellees a temporary injunction because the orders of the Shelby County Court were void." No appeal was taken from the orders of the Shelby County Court. The present appeal is from the stay orders of the court in the instant case.

Appellant's second Point is: "The Trial Court erred in granting appellees a temporary injunction because the enforcement of Article 6701–h, Vernon's Annotated Texas Civil Statutes, does not deprive appellees of any rights secured by the Texas or Federal Constitutions." The trial court did not find that said Article deprived appellees of any rights secured by the Texas or Federal Constitutions. The order of the trial court denies appellees all relief except the continuance of the temporary stays until each of appellees' cases can be adjudicated on its merits.

Appellant's third Point asserts that the trial court erred and abused its discretion in granting appellees a temporary injunction because no good cause for the granting of such injunction was shown. All of appellant's points are predicated upon the trial court's granting appellees a temporary injunction. If the court's order is in fact a temporary injunction, then this Court would have jurisdiction of the appeal.

The record shows that on appellees' application for a stay order of the various orders issued by the Department to them to surrender and forward to appellant all of their drivers' licenses, registration certificates and license plates, the trial court on May 16, 1966, ordered and decreed that said orders "be, and the same are hereby, stayed and shall be of no force and effect until further order of the court with reference to said appeal, or until the conclusion of the trial of this cause on its merits, now set for June 13, 1966, or to any week thereafter to which same may be brought on for final trial."

In its judgment entered June 24, 1966, the court decreed that all the temporary stays will be continued until each of appellees' cases can be adjudicated on its merits, and each case was ordered severed from the others and separately docketed for as speedy a trial as could be orderly arranged. No complaint is made of the court's interlocutory order severing each case from all the others. We construe the court's decree as applying to its own stay order hereinabove referred to, the same being applicable to each severed cause of action until each can be tried on its merits. The court in effect stated in its decree that it was not necessary to hold anything with respect to the validity vel non of the stay orders previously issued by the County Court in Shelby County, Texas. Such orders are not involved in this appeal.

The appeal to this Court is limited to the points complaining of the trial court granting a stay order. The question arises, therefore, as to whether such stay order is appealable to this Court. Appellant asserts that such order is a temporary injunction and therefore it is an exception to the general rule that interlocutory orders are

nonappealable. Appellees, on the other hand, contend that such stay order is not a temporary injunction and is not appealable and hence this appeal should be dismissed by this Court because of want of jurisdiction.

█ We hold that the stay order of the trial court is not a temporary injunction. It is in each of the severed cases an interlocutory order which is not appealable. Article 6701h, Sec. 2(b), in providing for a review of any order or act of the Department by the county court at law of the county wherein the aggrieved person resides, provides that the appeal shall be by trial de novo, and further provides, "The Court shall determine whether the filing of the appeal shall operate as a stay of any such order or decision of the Department, with the exception that no stay order shall be granted staying an order of suspension by the Department of Public Safety that is based on a final judgment rendered against any person in this State by a court of competent jurisdiction growing out of the use of a motor vehicle in this State when said judgment is a subsisting final judgment and unsatisfied * * *." It further provides that under certain other conditions "an appeal shall not operate as a stay of any such other orders or decisions."

There is nothing in the statute which authorizes an appeal from the stay order of the county court at law or county court. Under the statute the appeal operates as a stay of the Department's orders if the trial court so determines, subject to the exceptions hereinabove referred to.

█ The procedure with reference to injunctions is largely covered by the Texas Rules of Civil Procedure. In order to obtain a temporary injunction, the petition must be supported by affidavit or verified. An order granting a restraining order or a temporary injunction must set forth the reasons for its issuance, and a bond is usually required of the applicant. Rules 680, 682, 683, and 684, T.R.C.P. A citation is required to be issued and a writ of injunction must command the person or persons enjoined to desist and refrain from the commission or continuance of the acts enjoined and such person or persons may be held in contempt for disobedience thereof. The clerk issues the temporary injunction order and a true copy must be served on the party enjoined. Rules 686, 687, 688, T.R.C.P.

None of such requirements are necessary in the case of the determination by the court that the appeal shall operate as a stay order. The trial court merely makes the determination as to whether "the filing of the appeal shall operate as a stay of any such order or decision of the Department." No formal stay order is required, since the court merely determines whether the filing of the appeal shall operate as a stay. Such stay order is in the nature of a supersedeas and in effect a suspension order until the case can be tried de novo on its merits.

We have not found nor been cited to any case directly in point. The question seems to be one of novel impression in this State. In Ex parte State ex rel. Sullivan, 1955, 262 Ala. 188, 78 So.2d 322, an original mandamus proceeding was filed by the Department of Public Safety in the Supreme Court of Alabama to compel the judge of the Circuit Court of Jefferson County, Alabama, to vacate an order of the trial court which stayed an order of the Director of the Department of Public Safety suspending a driver's license. The court held that the Alabama Statute contemplated a trial de novo in the Circuit Court, and that "This necessarily means that the taking of an appeal to the circuit court by the filing of the petition provided in the statute ipso facto vacates the director's order of suspension." The court so held although the Alabama statute did not provide that the filing of the appeal would operate as a stay order, and there was no express authority to issue a stay order provided in the statute. The court agreed with the

trial court "That the allowance of any force or effect to the director's order of suspension subsequent to the filing of the petition would be utterly incompatible with the duty and jurisdiction of the court to determine anew the matter of whether and for how long the license should be suspended."

In this State the filing of the appeal would probably not ipso facto vacate the Department's orders of suspension and surrender since the Texas statute expressly provides that the court shall determine whether the appeal shall operate as a stay of the Department's order.

The last sentence in Article 6701h, Sec. 2(b), provides:

"The above provision restricting the granting of a stay order in appeals where the aggrieved party has been charged with the violation of any of the laws of the State of Texas or of any of the political subdivisions shall also limit any court in this State in any original action brought against the Department of Public Safety to enjoin or order the enforcement of any order of the Department of Public Safety issued under this Act."

It is our view that such provision indicates that the Legislature clearly had in mind the difference between a stay order determined by the trial court on an appeal from the Department's orders and " * * * any original action brought against the Department of Public Safety to enjoin or order the enforcement of any order of the Department of Public Safety issued under this Act." Appellees in the instant case did not bring an original action for injunction against the Department. They merely sought in connection with their appeal to the County Court at Law a stay of the Department's orders, and other relief which was denied them.

The Department's appeal is dismissed for want of jurisdiction.

Appeal dismissed.