**Gregorio GARCIA, Individually and on behalf of all other persons similarly situated,**

**v.**

**Gus O. KRAUSSE, Individually and in his official capacity as Sheriff of Cameron County, Texas, and all other persons similarly situated, and General Motors Acceptance Corporation.**

**Civ. A. No. 72–B–100.**

United States District Court,
S. D. Texas,
Brownsville Division.

Aug. 23, 1974.

Texas Rural Legal Aid, Inc. (J. L. Covington), Edinburg, Tex., for plaintiff.

Fred Galindo, Crim. Dist. Atty., and Selden N. Snedeker, Asst. Crim. Dist. Atty., Cameron County, Tex., Brownsville, Tex., for defendant Gus O. Krausse.

Stiernberg, Skaggs & Koppel (Jim Denison), Harlingen, Tex., for defendant General Motors Acceptance Corp.

John L. Hill, Jr., Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers and Max P. Flusche, Jr., Asst. Atty. Gen., Austin, Tex., for the State of Texas.

## MEMORANDUM AND ORDER

GARZA, District Judge.

Plaintiff, Gregorio Garcia, brought this suit seeking to have this Court declare invalid and enjoin the enforcement of Article 6840, Vernon's Texas Revised Civil Statutes Annotated, and the implementation of this article through Rules 696–716, Texas Rules of Civil Procedure. Article 6840 and Rules 696–716 contain the provisions which allow the issue of a writ of sequestration for the return of personal property. The Plaintiff maintains that Article 6840 and the implementing Rules 696–716 are in conflict with the due process provisions of the Fourteenth Amendment to the Constitution of the United States.

The Defendants are Gus O. Krausse, Sheriff of Cameron County, Texas, and General Motors Acceptance Corporation (hereinafter GMAC), which is a foreign corporation incorporated under the laws of the State of New York and having a permit to do business in the State of Texas. On January 20, 1972, Defendant GMAC filed suit against Plaintiff in the 107th Judicial District Court of Cameron County, Texas. The Defendant GMAC filed an application for a writ of sequestration on January 28, 1972. The writ was executed by the Defendant Sheriff on February 2, 1972.

The Plaintiff maintains that by permitting individuals to be deprived of their property without prior notice or a hearing, Article 6840 and Rules 696–716 deprive individuals of their personal property without due process of law and, thus, violate the Fourteenth Amendment to the Constitution. The Plaintiff also asserts that the Texas sequestration statute violates the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. The Plaintiff argues that two classes of persons are created by Article 6840 and Rules 696–716. The defendant in a sequestration action can retain possession of his property by delivering to the officer executing the writ a bond payable to the plaintiff. The bond must be approved by the officer and must be in an amount double the value of the property to be replevied. Rule 701, Texas Rules of Civil Procedure. One class of persons is financially capable of posting the bond so that they might retain possession of their property, and a second class of persons is not financially capable of posting a bond in an amount double the value of the property which is sequestered. The Plaintiff Garcia falls within this second class of persons who do not have the finances to post the bond in order to retain possession of their property. The Plaintiff argues that there is no adequate state justification for the arbitrary classification scheme embodied in Article 6840 and Rules 696–716, and, therefore, is in violation of the equal protection clause of the Fourteenth Amendment to the Constitution.

The Defendants have filed a Motion for Summary Judgment, together with

a Motion to Dismiss the class action and a Motion to Dissolve the three-Judge District Court. The Plaintiff has filed a Motion for Summary Judgment, and there is no genuine issue as to any material fact.

This is a proper class action as alleged by Plaintiff, pursuant to Rule 23(a), (b)(2) of the Federal Rules of Civil Procedure.

This Court has jurisdiction of this cause of action pursuant to 28 U.S.C. § 1343(3), (4), which provides for original jurisdiction of this Court in all suits authorized by 42 U.S.C. § 1983, to redress the deprivation under color of state law of any right, privilege or immunity secured by the Constitution of the United States or by an act of Congress. The rights involved in this case are substantial.

A preliminary hearing was held in this case on December 22, 1972. At this hearing, the Court denied the Defendant Sheriff's Motion to Dismiss, the Defendant GMAC's Motion to Dismiss and the Plaintiff's Motion for Summary Judgment. The Court determined that a three-Judge Court would be necessary to hear this case and that such a request would be made by the Court. The Honorable John R. Brown, Chief Judge of the United States Court of Appeals for the Fifth Circuit, designated this case for a hearing before a District Court of three Judges. The Chief Judge designated the undersigned to sit together with the Honorable Homer Thornberry of the United States Court of Appeals for the Fifth Circuit and the Honorable Owen D. Cox, United States District Judge for the Southern District of Texas. The three-Judge District Court was to hear the case on the merits, as well as to determine if the case was proper for a three-Judge Court, rather than a single-Judge District Court.

The three-Judge Court was convened on August 24, 1973, wherein arguments from counsel were heard concerning the merits of the case, as well as the issue of whether the case was proper for determination by a three-Judge Court. A *per curiam* opinion was rendered by the three-Judge District Court on September 18, 1973. The decision of the Court was that the case was not proper for determination by a three-Judge Court. The case of Turner v. Colonial Finance Corp., 467 F.2d 202 (CA 5 1972), was the basis for the Court's decision. It was the opinion of the three-Judge Court that the issues in the present case could be decided by a District Court sitting as a single Judge; therefore, the case was remanded to this Court for a decision consistent with the law as interpreted by the Supreme Court. This Court stayed the decision in this case on December 18, 1973, pending the final decision of the Supreme Court in Mitchell v. W. T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).

At the time of the remand from the three-Judge Court, the primary case affecting this case was Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Subsequent to the decision to remand the case to a single-Judge District Court, the Supreme Court rendered their decision in the case of Mitchell v. W. T. Grant Co., *supra*. In the *Mitchell* case, which like the *Fuentes* case dealt with due process of law as it is applied to the issuance of writs of sequestration and replevin, the Court reached a different conclusion as to what standards of due process should be applied. The *Fuentes* opinion held that prior notice and hearing are necessary in repossession cases where a state officer seeks to recover personal property from a party by the means of an *ex parte* order. The Supreme Court, in the *Fuentes* decision, found that the Florida and Pennsylvania replevin statutes were constitutionally defective, in that they failed to provide for prior notice and hearing before the property is seized by the state. In the *Mitchell* case, the Supreme Court has determined that the Due Process Clause of the Fourteenth Amendment is not so inflexible that our procedure, being prior notice and hearing, is required in every circumstance.

■ It is the opinion of this Court that a three-Judge Court is not required to decide this case. The principles in *Turner* are applicable to the determination of the present case. The new standard for due process of law, as it is applied in the issuance of a writ of sequestration and repossession of property, is clearly provided in the *Mitchell* decision.

■ Prior to the Supreme Court's decision in *Mitchell,* the issues in the present case could have been easily disposed of according to the *Fuentes* decision. Article 6840 and Rules 696–716 do not provide for prior notice and hearing. The procedure under the Texas sequestration article is strictly *ex parte,* as were the Florida and Pennsylvania replevin statutes, as well as the Louisiana sequestration statute in *Mitchell.* The broad ruling of *Fuentes,* which required prior notice or hearing in an *ex parte* replevin or sequestration proceeding to comply with the Due Process Clause of the Fourteenth Amendment, has been narrowed by the decision in *Mitchell.* Article 6840 and Rules 696–716 must now be measured against the standards proscribed in the *Mitchell* opinion.

The Louisiana sequestration procedure, which was found by the Louisiana Supreme Court and affirmed by the Supreme Court of the United States to be in compliance with the due process requirements of the Fourteenth Amendment, contains specific guidelines to protect the interest of the debtor whose property is seized and the seller who retains an interest in the property under an installment sales contract. The Supreme Court, in *Mitchell,* balanced the interests of both parties in their application of due process of law:

"Plainly enough, this is not a case where the property sequestered by the court is exclusively the property of the defendant debtor. The question is not whether a debtor's property may be seized by his creditors, *pendente lite,* where they hold no present interest in the property sought to be seized. The reality is that both seller and buy-er had current, real interests in the property, and the definition of property rights is a matter of state law. Resolution of the due process question must take account not only of the interests of the buyer of the property but those of the seller as well."

The Defendant GMAC maintains that the Texas sequestration statute, Article 6840, and implementing Rules 696–716 are substantially the same as the Louisiana sequestration statute approved by the Supreme Court. Article 6840, Texas Revised Civil Statutes reads:

"Judges and clerks of the district and county courts, and justices of the peace shall, at the commencement or during the progress of any civil suit, before final judgment, have power to issue writs of sequestration, returnable to their respective courts, in the following cases:

. . . . . .

"When a person sues for the foreclosure of a mortgage or the enforcement of a lien upon personal property of any description, and makes oath that he fears the defendant or person in possession thereof will injure, illtreat, waste or destroy, or remove the same out of the county during the pendency of the suit."

The Texas Rules of Civil Procedure require that an applicant for a writ of sequestration file an affidavit stating:

"(a) That he is the owner of the property sued for, or some interest therein specifying such interest, and is entitled to the possession thereof; or,

"(b) If the suit be to foreclose a mortgage or enforce a lien upon the property, the fact of the existence of such mortgage or lien and that the same is just and unsatisfied, and the amount of the same still unsatisfied, and the date when due.

"(c) The property to be sequestered shall be described with such certainty that it may be identified and distinguished from property of a like kind, giving the value of each article of the

property and the county in which the same is situated.

"(d) It shall set forth one or more of the causes named in Art. 6840 of the Revised Civil Statutes of Texas, 1925, entitling him to the writ. The writ shall not be quashed because two or more grounds are stated conjunctively or disjunctively."

The applicant must file a bond payable to the defendant in an amount double the value of the property to be sequestered. Rule 698. The defendant may replevy or maintain possession of the property by delivering to the plaintiff a bond in an amount double the value of the property sequestered, payable to the plaintiff, with two or more good and sufficient sureties to be approved by the officer. Rule 701.

The Supreme Court described the Louisiana sequestration procedure in the following manner:

"Louisiana statutes provide for sequestration where 'one claims the ownership or right to possession of the property, or a mortgage, lien or privilege thereon . . . if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action.' Art. 3571. The writ, however, will not issue on the conclusionary allegation or ownership or possessory rights. Article 3501 provides that the writ of sequestration shall issue 'only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts' shown by a verified petition or affidavit. In the parish where this case arose, the clear showing required must be made to a judge, and the writ will issue only upon his authorization and only after the creditor seeking the writ has filed a sufficient bond to protect the vendee against all damages in the event the sequestration is shown to have been improvident. Arts. 3501 and 3574.

"The writ is obtainable on the creditor's *ex parte* application, without notice to the debtor or opportunity for a hearing, but the statute entitles the debtor immediately to seek dissolution of the writ, which must be ordered unless the creditor 'proves the grounds upon which the writ issued,' Art. 3506, the existence of the debt, lien, and delinquency, failing which the court may order return of the property and assess damages in favor of the debtor, including attorney's fees."

The Court, in *Mitchell*, emphasized three statutory protections which exist under the Louisiana sequestration statutes. The requirements are:

1. A clear showing by specific facts that the creditor fears the defendant will "conceal, dispose of, or waste the property, or the revenues therefrom, or remove the property from the parish, during the pendency of the action". Article 3571, Louisiana Code of Civil Procedure. The writ will not issue upon a conclusory allegation of ownership or possessory right. Mitchell v. W. T. Grant Co., *supra*, [416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed. 2d 406]. Rule 696, Texas Rules of Civil Procedure, requires only that an applicant state that he is the owner of property or has an interest in property and is entitled to possession, details concerning a lien or mortgage, and description of the property to be sequestered. These are all specific facts, but none of these facts are directed at why the applicant fears the destruction or removal of the property.

2. The clear showing of specific facts of why the writ should issue must be made to a judge. Only in Orleans parish, Louisiana, is the Louisiana sequestration procedure administered by a judge. The Court emphasized the judicial administration of the sequestration procedure throughout the *Mitchell* opinion, but acknowledged the fact that the judicial supervision exists only in Orleans Parish, Louisiana and for this reason, the Court's approval

of the Louisiana law is only applicable to Orleans parish. While Article 6840 does provide that judges and justices of the peace may issue writs of sequestration, clerks of the district and county courts are also authorized to exercise the same authority.

3. Under the Louisiana statutes, the debtor may immediately have a full hearing upon the merits of the right of the possession of the property. The creditor must "prove the grounds upon which the writ issued", Article 3506, Louisiana Code of Civil Procedure. The only comparable procedure in Texas is the replevy bond provided for in Rule 701, but the Texas replevy bond only allows possession of the property to return to the debtor pending the trial on the merits of the case. The Louisiana procedure provides an immediate hearing where the creditor is put to the proof of his allegations.

These procedures which are present in the Louisiana law sufficiently satisfied the Court that a "constitutional accommodation of the conflicting interest of the parties" had been effected, so that the requirements of the due process clause of the Fourteenth Amendment has been complied with. Although a writ of sequestration was issued by an *ex parte* order without prior notice or hearing, the Supreme Court, in *Mitchell,* was of the opinion that the interests of the parties are protected by the Louisiana sequestration statute.

Measured against the provisions of the Louisiana sequestration statute, the Texas sequestration statute and implementing rules are substantially different in content and application. Article 6840 and Rules 696–716 do not require that specific facts be alleged to support the issuance of the writ. The Texas statute and Rules do not provide for judicial supervision of the issuance of the writ, and there is no immediate opportunity for a dissolution of the writ with a hearing on the merits of the case.

The primary distinction between the Louisiana sequestration procedure and the Texas sequestration law is the lack of judicial administration and supervision under the Texas law. The reasoning of the Court in *Mitchell* appears to be summed up in this sentence: ". . . we think it comports with due process to permit the initial seizure on sworn *ex parte* documents, followed by the early opportunity to put the creditor to his proof. The nature of the issues at stake minimizes the risk that the writ will be wrongfully issued by a judge." Mitchell v. W. T. Grant Co., *supra,* 416 U.S. at p. 609, 94 S.Ct. at p. 1901. The immediate hearing by a judge on these crucial issues is not provided for in the Texas law. There are substantial differences between the Louisiana sequestration statute and Article 6840 and Rules 696–716.

The Texas sequestration statute fails to comply with prior notice and hearing requirements of *Fuentes* and does not measure up to the standards approved by the Supreme Court in *Mitchell.* Article 6840 and Rules 696–716 do not meet constitutional muster, in that they fail to provide due process of law as is required by the Fourteenth Amendment to the Constitution of the United States.

The Defendants' Motion for Summary Judgment and Motion to Dismiss Class Action are denied. The Plaintiff's Motion for Summary Judgment is granted. This Court, therefore, holds that Article 6840, Texas Revised Civil Statutes Annotated, and implementing Rules 696–716, Texas Rules of Civil Procedure, are unconstitutional.

Before proceeding to fashion the relief to be granted Plaintiff in this case, this Court certifies, under 28 U.S.C.A. § 1292 (b) that this Order involves a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal from this Order may materially advance the ultimate termination of this litigation and apprise the Legislature of Texas of whether or not there is need for amending the sequestration statutes of this State.

It is further ordered that all further proceedings in this Court are hereby stayed until the Defendants have had an opportunity to appeal from this Order under 28 U.S.C.A. § 1292(b).