**Bill Joe BOREN, Appellant,**

v.

**BANK OF THE WEST, Appellee.**

**No. 8657.**

Court of Civil Appeals of Texas, Amarillo.

March 29, 1976.

Griffith & Brister, Thomas J. Griffith, Lubbock, for appellant.

McClendon, Richards & Campbell, Pat Campbell, Lubbock, for appellee.

ROBINSON, Justice.

Defendant appeals from an order that he deliver certain automobiles to plaintiff pending trial but further ordering that defendant may keep the automobiles if he timely posts bond. Plaintiff moved to dismiss the appeal for lack of jurisdiction. Plaintiff's motion to dismiss the appeal is denied. The trial court order is reversed and the injunction ordered dissolved.

Plaintiff Bank of the West, as assignee of certain automobile lease contracts, sued Bill Joe Boren for a sum which it alleges was due on the contracts. The automobiles were in the possession of defendant Boren.

Plaintiff filed an application and affidavit for sequestration on August 29, 1975. Defendant moved to dismiss the application on the grounds that the Texas Sequestration Statute, Tex.Rev.Civ.Stat.Ann. art. 6840 (1960), had been declared unconstitutional in *Garcia v. Krausse*, 380 F.Supp. 1254 (S.D.Tex.1974). On September 1, 1975, between the time plaintiff filed the application for sequestration and the hearing on the application, a new sequestration statute, Tex.Rev.Civ.Stat.Ann. art. 6840 (Supp. 1976), Tex.Laws, 1975, ch. 470, § 1, at 1246, became effective. The trial court granted the application to dismiss the sequestration.

After the dismissal of the sequestration, plaintiff filed its motion for temporary injunction asking for delivery of the leased automobiles to plaintiff pending trial on the merits. A hearing was held on October 17, 1975. On October 20, 1975, the trial court rendered an order entitled "Order of Temporary Injunction" ordering defendant Boren to deliver up possession of the three automobiles in question. The order further provided that if defendant should post bond in an amount specified for each automobile on or before 5 p.m. on October 20, 1975, then defendant might keep the automobile or automobiles on which bond was posted. The order contained the following language:

> Should said bonds not be posted by said time, then Writ of Temporary Injunction shall issue as aforesaid and the Clerk is so directed.

There is nothing in the record to show and no contention is made that any bond in any amount was filed on or before October 20, 1975, at 5 p.m.

Defendant contends on appeal that the order is void because no bond was required

of plaintiff as applicant for the temporary injunction, that the order does not recite reasons why the injunction was granted, that legal remedies were available to plaintiff, that the temporary injunction disrupted the status quo and disturbed the last peaceable possession of the automobiles, and that bond was required of defendant although there were no pleadings to support such relief.

██ Plaintiff contends in its motion to dismiss the appeal for lack of jurisdiction that the order appealed from is not an injunction but is a non-appealable interlocutory order.

We overrule the motion to dismiss. The trial court's order in this case, which required defendant to deliver the automobiles to plaintiff or, in lieu of that, post bonds in approximately the amounts of plaintiff's alleged damages, was a temporary mandatory injunction. See *Roosth v. Roosth*, 181 S.W.2d 974 (Tex.Civ.App.—Texarkana 1944, no writ), where an order requiring the deposit of certain funds in the bank, which could only be withdrawn on specific court order, was held to be a temporary injunction.

Even if plaintiff were correct in its contention that there was no injunction unless defendant failed to post bond, the injunction order, by its own terms, became effective when bond was not deposited on or before October 20, 1975 at 5 p.m.

██ The procedural requirements for a temporary injunction are summarized in *Texas Department of Public Safety v. Morris*, 411 S.W.2d 620, 623 (Tex.Civ.App.—Houston 1967, no writ). The order must set forth the reasons an injunction is granted. Rule 683, Texas Rules of Civil Procedure. This requirement is mandatory. *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971); *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549 (1953). Bond is required of the applicant, and the order must state the amount of the bond, which must be filed by the applicant. Rule 684, T.R.C.P. The failure of the trial court to fix the amount of the bond, or the failure of the applicant to file the bond renders the injunction void *ab initio*. *Goodwin v. Goodwin*, 456 S.W.2d 885 (Tex.1970); *Lancaster v. Lancaster*, 155 Tex. 528, 291 S.W.2d 303 (1956). In the case before us no bond was required of the applicant-plaintiff and no reasons for the issuance of the injunction were given in the order. The order for temporary injunction is, thus, void *ab initio*.

██ Further, the trial court may not grant relief not requested in plaintiff's pleadings or prayer. *Starr v. Ferguson*, 140 Tex. 80, 166 S.W.2d 130 (1942). *McCan v. Missouri Pacific Railroad Company*, 526 S.W.2d 754, 759 (Tex.Civ.App.—Corpus Christi 1975, no writ). Defendant correctly contends that since the plaintiff neither pleaded nor prayed for a bond, the trial court erred in requiring a bond of defendant.

Our holdings on the foregoing points are dispositive of the case on appeal. We do not reach appellant-defendant's other points of error.

Appellee-plaintiff's motion to dismiss the appeal is denied. The order of the trial court granting a temporary injunction is reversed, and the injunction is dissolved.