511 So.2d 204 (1987)
Richard G. DOGGETT
v.
ALABAMA SECURITIES COMMISSION, State of Alabama.
Civ. 5784.
Court of Civil Appeals of Alabama.
March 11, 1987.
Rehearing Denied April 29, 1987.
Certiorari Denied July 24, 1987.
*205 Thomas L. Krebs and F.A. Flowers III of Burr & Forman, Birmingham, for appellant.
Charles A. Graddick, Atty. Gen., and Tim Bice, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 86-1027.
BRADLEY, Presiding Judge.
This case involves the Alabama Securities Commission's denial of an application for an exemption from registration of certain securities.
On July 5, 1984 the appellant, Richard G. Doggett (Doggett), filed an application for an exemption from registration of securities with the Alabama Securities Commission (Commission) on behalf of Thoroughbred Partners, Ltd. 1984-II. The Commission's staff subsequently issued a preliminary order denying the application for exemption on July 9, 1984. The preliminary order was to become final unless Doggett filed a written request for a hearing before the close of business on August 1, 1984. Doggett sought neither an administrative hearing on the order pursuant to section 8-6-12(b), Code 1975, nor the rescission of the order pursuant to section 8-6-32(b), Code 1975. The July 9 preliminary order became final on September 6, 1984.
On January 8, 1986 Doggett filed a petition with the Commission seeking the rescission of the September 6, 1984 order. On February 27, 1986 the Commission held a hearing on Doggett's petition to vacate the order. The Commission subsequently denied Doggett's petition.
Doggett sought review of the February 27 denial of his petition before the Circuit Court of Montgomery County, Alabama. The circuit court held that the Commission properly denied Doggett's petition to vacate the September 6, 1984 order because the Commission was "without jurisdiction... to grant an out-of-time application for rehearing."
Doggett now appeals the circuit court's ruling and asserts that it erred in holding that the Commission lacked jurisdiction to vacate or modify the September 6, 1984 order. Doggett argues that the trial court erred because the securities act in question gives the Alabama Securities Commission the power to vacate or modify its own orders. Doggett also contends that the Commission either waived any time limitations or is estopped from asserting such time limitations during which it could revoke its final order. Finally, Doggett asserts that the Commission possessed the inherent authority to reopen and reconsider its final order.
We believe the dispositive issue in this case concerns whether the Commission had the statutory authority to reopen and reconsider its July 9, 1984 order after it became final. At this point, however, we note that the Commission argues that the proper method of review in this case is governed by the provisions of the Alabama Administrative Procedure Act (AAPA). See, § 41-22-20(d), Code 1975. Doggett, on the other hand, argues that the provisions of the Securities Act of Alabama govern *206 the review of the Commission's final and preliminary orders. See, § 8-6-11(b), Code 1975; §§ 8-6-32(a), -32(b), Code 1975. As a general rule, where a special statutory provision provides for an exclusive method of review for a particular type case, no other method of review is available. See, Mobile Infirmary Association v. Emfinger, 474 So.2d 731 (Ala.Civ.App. 1985); see also, Benton v. Alabama Board of Medical Examiners, 467 So.2d 234 (Ala. 1985). Sections 8-6-32(a) and -32(b) provide for the sole method of judicial review of actions before the Commission. Thus, these provisions, rather than the provisions of the AAPA, govern the manner of review in cases involving Commission actions with respect to securities.
Section 8-6-11(b) provides, in pertinent part:
"The securities commission may by order deny or revoke the exemption specified in this section with respect to a specific security if it finds the sale of such security would work or tend to work a fraud upon the purchasers thereof. Upon the entry of such an order, the commission shall promptly notify all registered dealers that it has been entered and of the reasons therefor and that within 15 days of the receipt of a written request the matter will be set down for hearing. If no hearing is requested and none is ordered by the commission, the order will remain in effect until it is modified or vacated by the commission."

§ 8-6-11(b), Code 1975 (emphasis added).
Section 8-6-11(b) also provides that after an aggrieved party requests a hearing the Commission, after notice and an opportunity for a hearing, may modify or vacate its original preliminary order or extend it until its final determination. § 8-6-11, Code 1975.
Section 8-6-32 states that the Commission shall hold a public hearing within thirty days of the date an aggrieved party requests a hearing. See, § 8-6-32(a), Code 1975. After conducting the hearing on behalf of aggrieved parties, the Commission shall issue a final order from which the aggrieved party may seek judicial review in the form of a de novo circuit court hearing. See, § 8-6-32(b), Code 1975. Finally, section 8-6-32(e) states that "[i]f no action is brought [in the circuit court] within said 30 days, said order shall become final and binding." See, § 8-6-32(e), Code 1975.
As previously stated, the Commission issued its preliminary order on July 9, 1984. It received no subsequent request for a public hearing on the merits of the preliminary order. On September 6, 1984 the preliminary order became final. Doggett did not petition the Commission to reopen and vacate its final order until January 8, 1986, more than one year after the issuance of the September 6, 1984 final order. During its February 27 hearing on Doggett's petition to vacate the September 6, 1984 order, the Commission denied Doggett's petition.
As a general proposition, an administrative body has no power to set aside or modify an earlier order unless expressly provided by statute. See, Anchor Casualty Co. v. Bongards Co-Operative Creamery Association, 253 Minn. 101, 91 N.W.2d 122 (1958). Moreover, the power to revoke or rescind a previous order applies only to orders which have yet to become final. Sproles Motor Freight Line v. Smith, 130 S.W.2d 1087 (Tex.Civ.App.1939). Finally, an administrative order does not become final so that the administrative body in question loses jurisdiction over it until the actual institution of judicial review proceedings or until the expiration of time to institute such proceedings. Tims v. Holland Furnace Co., 152 Ohio St. 469, 90 N.E.2d 376 (1950).
The statute in the present case provides that if no hearing is requested in order to allow the Commission to review its orders those orders are to "remain in effect until [they are] modified or vacated by the Commission." See, § 8-6-32(b), Code 1975. Commission orders do not become final until the Commission has actually been requested to hold or has itself ordered a hearing after the issuance of its preliminary order. See, § 8-6-32(a).
*207 Thus, the clear language of the securities act in question appears to allow the Commission to maintain jurisdiction over its previous orders until the time for judicial review of those orders expires. The time for filing an action in the circuit court does not begin to run until after the Commission has issued a final order after holding a public hearing. See § 8-6-32(b), Code 1975. Also, the statute does not specifically enumerate time limitations during which a hearing must be requested by an aggrieved party.
In the present case no hearing was requested by Doggett after the issuance of the Commission's July 9 order. For this reason, the Commission still possessed jurisdiction to reopen and rescind its July 9 order when Doggett petitioned the Commission to vacate that order on January 8, 1986. Thus, the trial court erred in holding that the Commission lacked jurisdiction to review and vacate its July 9, 1984 order. The Commission's July 9, 1984 order became final on February 27, 1986 when, after holding a hearing, the Commission refused to vacate that order.
We note that section 8-6-32(b) provides that:
"Any person aggrieved by the final order of the securities commission may, within 30 days after the making and issuance thereof, commence an action in the circuit court of Montgomery county, Alabama ... to vacate and set aside such order...."
§ 8-6-32(b), Code 1975.
Thus, the method of review of a Commission order entered after a hearing is by a de novo proceeding in the Circuit Court of Montgomery County, Alabama.
The Circuit Court of Montgomery County dismissed the Commission's order of February 27, 1986 on the ground that the Commission lacked jurisdiction to hold a hearing to decide whether to vacate its July 9, 1984 order. By entering this order, the circuit court did not consider the merits of the Commission's February 27, 1986 order. Since the circuit court erred in dismissing the February 27, 1986 order for lack of jurisdiction, its judgment is reversed and the cause is remanded for a de novo hearing on the merits of the Commission's February 27, 1986 order.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, J., concurs.
HOLMES, J., not sitting.

ON APPLICATION FOR REHEARING
BRADLEY, Presiding Judge.
On rehearing the Commission contends that we erred in the original opinion in holding that the method of judicial review of its decision in the Montgomery County Circuit Court would be by trial de novo.
The Commission urges us to grant rehearing and set aside our previous order because, it argues, section 8-6-32(b) sets a standard of review which allows only for a reversal of Commission orders which are "unjust and unreasonable." The Commission contends that this standard of review implies that judicial review of Commission orders is limited to a review of the record of the evidence presented before the Commission rather than trial de novo. We disagree.
Sections 8-6-32(b) and -32(c), Code 1975, provide:
"(b) Any person aggrieved by the final order of the securities commission may, within 30 days after the making and issuance thereof, commence an action in the circuit court of Montgomery County, Alabama, against the commission as defendant to vacate and set aside such order on the ground that same is unjust and unreasonable.
"(c) The rules of pleading and procedure in such action shall be the same as are provided by law for the trial of civil actions in the circuit courts of this state, and on the hearing the judge of said circuit court may set aside, modify or confirm said order as the evidence and the rules of civil procedure may require."
First, as noted above, section 8-6-32(b) provides that any party who is aggrieved *208 by an order of the Commission may commence an action in the Circuit Court of Montgomery County, Alabama seeking to have the Commission order vacated and set aside. See, § 8-6-32(b), Code 1975. Second, section 8-6-32(c) provides that any action filed by the aggrieved party shall be tried pursuant to the same rules of pleading and procedure as govern all other civil actions in Alabama circuit courts. § 8-6-32(c), Code 1975. Finally, section 8-6-32(c) provides that the circuit judge who presides over the aggrieved party's case shall modify, vacate, or confirm the Commission order "as the evidence and the rules of civil procedure may require." See, § 8-6-32(c), Code 1975.
In the case of Ex parte State ex rel. Sullivan, 262 Ala. 188, 78 So.2d 322 (1955), the supreme court had before it for construction Title 36, § 68, Code of Alabama 1940, which provides in part as follows:
"Any person denied a license ... shall have the right to file a petition within thirty days thereafter for a hearing on the matter in the ... circuit court ... and such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon thirty days' written notice to the director of public safety, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or subject to suspension, cancellation, or revocation of license under the provision of this article."
In construing the code section the supreme court said:
"The statute, however, satisfies us that the statute in effect contemplates a de novo trial in the circuit court. The court is authorized to take testimony and to examine the facts of the case and to determine whether the petitioner is entitled to a license or subject to suspension, cancellation or revocation of the license under the provisions of this statute. In other words, the court is empowered to have a hearing, to take testimony and to make a finding of its own."
As in Ex parte State ex rel. Sullivan, we believe that sections 8-6-32(b) and -32(c) contemplate a de novo hearing in the circuit court. For example, in 8-6-32(b) and -32(c) the aggrieved person commences an action in the circuit court; the action is tried according to the rules of civil procedure, and the judge, after the trial, may confirm, modify, or set aside the Commission's order as the evidence and rules of civil procedure require. A trial before the court where evidence is to be received is clearly contemplated. Moreover, the court, after hearing the evidence, may fix the order called for by the evidence, i.e. affirm the Commission, reverse the Commission, or modify the Commission's order as called for by the evidence.
The requirements of the statute sub judice are very similar to the statute in Ex parte State ex rel. Sullivan, and we hold as did the supreme court in Ex parte State ex rel. Sullivan, that the statute in question contemplates a de novo trial in the circuit court of the final orders of the Commission.
We also believe that the statute in question contemplates review by trial de novo because of the vast distinctions in the type of review afforded under the Administrative Procedure Act. The method of review in cases involving most administrative proceedings is confined to the record of the agency. See, § 41-22-20(j), Code 1975. However, the Administrative Procedure Act's requirement that judicial review be conducted "on the record" does not extend to and govern existing agency-specific review provisions which are inconsistent with the Act. See, Benton v. Alabama Board of Medical Examiners, 467 So.2d 234 (Ala. 1985). As previously stated, section 8-6-32(c) is wholly inconsistent with sections 41-22-20(d), -20(i), and -20(j) because it allows the judge hearing the case to set aside the agency action as the evidence may require and because it dictates that the circuit court is bound by the same rules of procedure and pleading as other trial courts in the state rather than by the procedures for review enumerated in the Administrative Procedure Act. Thus, we hold that in cases involving the Securities Commission, the proper method of judicial review *209 of Commission orders is by trial de novo before the Montgomery County Circuit Court; therefore, on remand, the circuit court is not limited to a review of the Commission record.
OPINION EXTENDED.
APPLICATION FOR REHEARING OVERRULED.
INGRAM, J., concurs.
HOLMES, J., not sitting.