[Cite as *Woolf v. Himmel*, 2012-Ohio-4158.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 97796 and 98031**

---

# KEITH WOOLF, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# ANDREW HIMMEL, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
## DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-767873

**BEFORE:**    Stewart, P.J., Cooney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**    September 13, 2012

**ATTORNEYS FOR APPELLANTS**

Joel Levin
Aparesh Paul
Levin & Associates Co., L.P.A.
Tower at Erieview, Suite 1100
1301 East 9th Street
Cleveland, OH   44114


**ATTORNEYS FOR APPELLEES**

Gregory J. Phillips
Brad A. Sobolewski
Andrew G. Fiorella
Matthew T. Wholey
Ulmer & Berne LLP
Skylight Office Tower, Suite 1100
1660 West 2nd Street
Cleveland, OH   44114

MELODY J. STEWART, P.J.:

{¶1} These consolidated appeals are from two orders: in Appeal No. 97796, from an order that ostensibly granted a motion to compel arbitration; in Appeal No. 98031, from an order that dismissed with prejudice certain claims against two defendants. The record demonstrates that the order being appealed from in Appeal No. 97796 did not compel arbitration and, in fact, vacated an earlier order compelling arbitration, so we lack a final appealable order. We likewise lack a final order in Appeal No. 98031 because claims remain pending against another defendant and the court did not certify that there was no just reason for delay under Civ.R. 54(B). We must dismiss both appeals.

{¶2} Plaintiffs-appellants Keith Woolf, James Zimmerman, Marianne Simpson, and Michael Salamon, are minority shareholders in a restaurant business named "AJH Hospitality Group, LLC." Defendants Andrew and Martin Himmel, through their company, AJH Equity Group, LLC, are the majority shareholders in AJH Hospitality. The minority shareholders brought this shareholder derivative action claiming that the Himmels and their partner, defendant Elie Weiss, used AJH Hospitality assets to open a second restaurant, defendant Paladar Annapolis, in Annapolis, MD. The plaintiffs claimed that AJH Hospitality did not fairly compensate the minority shareholders for the use of AJH Hospitality assets used in opening the new restaurant nor offer them ownership participation in the new restaurant. They asserted claims against the

Himmels, Weiss, and the two restaurants for breach of fiduciary duty, conversion, loss and taking of shareholder opportunity, unjust enrichment, and civil aiding and abetting tortious conduct. The minority shareholders also sought a declaration that certain amendments to the operating agreement of AJH Hospitality that would require AJH Hospitality to indemnify the Himmels were illegal and improper.

{¶3} The Himmels immediately sought arbitration under the terms of the AJH Hospitality operating agreement. The operating agreement required binding arbitration of "[a]ny and all disagreements or controversies arising with respect to the Company and/or the Agreement." The court transferred the case to its commercial docket and then entered an order, filed December 7, 2011, that stayed the proceedings and ordered the parties to engage in binding arbitration under the terms of the operating agreement. Just two days later, the court vacated the December 7, 2011 entry ordering arbitration, stating that the December 7, 2011 judgment entry was "in error" and that "the Court is **not** staying litigation pending arbitration." (Emphasis sic.) In an order dated February 16, 2012, the court dismissed the plaintiffs' claims against Weiss and Paladar Annapolis by saying that their claims failed to state any facts that would support a plausible right to relief. The minority shareholders separately appealed from both the December 9, 2011 and February 16, 2012 orders and we consolidated them for purposes of appeal.

## I. Appeal No. 97796

{¶4} R.C. 2711.02(C) provides:

An order * * * that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified,

or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.

{¶5} The December 7, 2011 order stayed proceedings and compelled the parties to submit their disputes to binding arbitration. Standing alone, that order would have been appealable. However, the court's December 9, 2011 order vacated the December 7, 2011 order in toto as being issued "in error." What is more, the court specifically stated that it was not staying litigation pending arbitration.

{¶6} The parties to this appeal are under the misapprehension that the statement in the December 9, 2011 judgment entry that "the arbitration clause is binding on all parties" was an order compelling them to arbitrate. At oral argument, we asked the parties to address whether there was a final order in this case. The appellants offered the December 9, 2011 judgment entry in their supplemental filing, highlighting the court's statement that "the arbitration clause is binding on all parties." The arbitration clause is not self-executing (meaning that it did not provide that either party could demand arbitration and select an arbitrator without the other's cooperation), so a court order was required to initiate arbitration proceedings even if the arbitration clause was binding on all parties. The court did order arbitration in its December 7, 2011 order, but the December 9, 2011 journal entry vacated the order compelling arbitration. The court speaks only through its journal, *State ex rel. Worcester v. Donnellon*, 49 Ohio St.3d 117, 118, 551 N.E.2d 183 (1990), so we must construe the words the court used in its journal entries. The effect of vacating the December 7, 2011 order is the same as saying that

order "never existed." *Tims v. Holland Furnace Co.*, 152 Ohio St. 469, 90 N.E.2d 376 (1950), paragraph four of the syllabus.

**{¶7}** As matters stand, there is no order *compelling* the parties to engage in arbitration from which an appeal can be taken. That portion of the court's December 9, 2011 order *denying* a stay of litigation pending arbitration is appealable under R.C. 2711.02(C), but the appellants offer no argument that the court erred by refusing to stay the proceedings because that would be counter to their position in this appeal that litigation should commence.

**{¶8}** We therefore conclude that we lack an appealable order and must dismiss this appeal.

## II.   Appeal No. 98031

**{¶9}** The subject of this appeal is the February 16, 2012 order that dismissed Weiss and Paladar Annapolis. The order made no mention of any other defendants who remained in the case.

**{¶10}** Civ.R. 54(B) considers a judgment final if it disposes of all claims as to all parties in an action. An order that does not dispose of all claims against all parties can be rendered final under Civ.R. 54(B) if the court states that there is no just reason for delay. Unfortunately, the court did not include Civ.R. 54(B) certification that there was no just reason for delay, so the February 16, 2012 order is not final under Civ.R. 54(B) and is not appealable. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus.

**{¶11}** Appeal dismissed.

It is ordered that appellees recover of appellants their costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____

MELODY J. STEWART, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
SEAN C. GALLAGHER, J., CONCUR