KARTORIE, APPELLANT, *v.* SAN-NOR OIL CO., INC., ET AL., APPELLEES.

(No. 7455—Decided November 19, 1963.)

508

*Messrs. Tuttle & Britt* and *Mr. Willis E. Wolfe, Jr.*, for appellant.

*Mr. Paul E. Work*, for appellee San-Nor Company, Inc.

*Messrs. Wright, Harlor, Morris, Arnold & Glander, Mr. Rudolph Janata, Jr.*, and *Mr. Charles E. Brant*, for appellee Phillips Petroleum Company.

BRYANT, J. This is an appeal on questions of law and fact. It was begun by the filing of a petition for equitable relief seeking to enforce an alleged agreement. Emery Kartorie, plaintiff below, is appellant. San-Nor Oil Company, Inc., defendant below, hereinafter called San-Nor, and Phillips Petroleum Company, defendant below, hereinafter called Phillips, are appellees.

An amended petition was filed by Kartorie and, after the overruling of a demurrer to the amended petition, answers were filed on behalf of San-Nor and Phillips, and the matter came on for a decision in the court below sitting as an equity court.

On March 26, 1963, the court below announced its decision. At the conclusion of plaintiff's evidence, the trial court dismissed San-Nor as a party defendant, and the trial court found that the evidence failed to show "a meeting of the minds, nor was any contract either actual or implied, between plaintiff and the Phillips Company."

On April 29, 1963, the trial court "on reconsideration of case on its merits" decided that "the original ruling is adhered to." On May 17, 1963, a journal entry approved by the parties and the court was filed ordering that San-Nor "be dismissed as a party defendant hereto; that final judgment be and hereby is rendered in favor of the defendant, Phillips Petroleum Company on the issues joined; and that the case be dismissed at plaintiff's costs," and otherwise giving effect to the decision of March 26, 1963.

On May 27, 1963, Kartorie filed a "motion for new trial on ground of newly discovered evidence," and in support thereof two affidavits were filed—one on May 27, 1963, and the other on June 12, 1963. On July 15, 1963, the court below handed down a decision which concluded as follows:

"The court adheres to its original conclusion as evidenced by its written opinion and overrules plaintiff's motion for a new trial."

This latter decision was incorporated in a journal entry approved by counsel for the parties and the court, and filed July 22, 1963, which journal entry reads as follows:

"This cause came on to be heard upon the motion of plaintiff for a new trial upon the ground of newly discovered evidence, the affidavits of plaintiff submitted therewith and the arguments of counsel, and the court, being fully advised in the premises, finds said motion to be not well taken, and hereby overrules the same."

On August 5, 1963, counsel for Kartorie filed a notice of appeal which reads as follows:

"The plaintiff hereby gives notice of appeal to the Court of Appeals of Franklin County from the judgment rendered by the Court of Common Pleas in the above styled cause on the 22nd day of July, 1963, overruling plaintiff's motion for a new trial. Said appeal is on questions of law and fact."

The case was docketed in this court on August 8, 1963, and on August 30, 1963, counsel for Phillips filed a "motion to dismiss appeal" reading as follows:

"Now comes the defendant-appellee, Phillips Petroleum Company, and respectfully moves the court for an order dismissing the appeal herein for the reason and on the grounds that the order appealed from is not an appealable order."

In a memorandum in support of the motion to dismiss, it was argued that the "overruling or granting a motion for a new trial, without more, is not an appealable order," and that "the order of July 22, 1963, was no judgment by its terms nor did it operate as one."

On behalf of Kartorie, a motion to amend Kartorie's notice of appeal to change the date of the order appealed from to May 15, 1963, instead of July 22, 1963, was filed. This motion reads as follows:

"Now comes the appellant and moves this court for an order permitting the appellant to amend his Notice of Appeal to read as follows:

"The plaintiff hereby gives notice of appeal to the Court of Appeals of Franklin County from the judgment rendered by the Court of Common Pleas in the above styled cause on the 15th day of May, 1963, entering final judgment in favor of the defendant."

While the memorandum in support of Kartorie's motion to amend devotes some space in support of Kartorie's right to appeal from a judgment overruling a motion for a new trial, the chief argument is in favor of a liberal interpretation of the statutes governing appeals and citation of authority in support of this view. If Kartorie has a right to amend his notice of appeal and if under the circumstances this court has the authority to sustain his motion to amend, as we view it, it will not be necessary for this court to pass upon Phillips' motion to dismiss. Section 2505.04, Revised Code, provides in part as follows:

"An appeal is perfected when written notice of appeal is filed with the lower court, tribunal, officer, or commission. * * * *After being perfected, no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional.*" (Emphasis added.)

Section 2505.05, Revised Code, reads in part as follows:

"The notice of appeal required by Section 2505.04 of the Revised Code shall designate the order, judgment, or decree appealed from and whether the appeal is on questions of law or questions of law and fact. * * * The failure to designate the type of hearing upon appeal is not jurisdictional *and the notice of appeal may be amended by the appellate court for good cause shown.*" (Emphasis added.)

The time for filing a notice of appeal in case of "appeals to the Supreme Court or to Courts of Appeals" is fixed by Section 2505.07, Revised Code, which in general requires that such appeals "shall be perfected within twenty days." However, there are exceptions and one of them is when a motion for new trial has been filed by either party within the time provided by Section 2321.19, Revised Code, in which case "the time of perfecting the appeal shall not begin to run, and an appeal shall not be taken, until the entry of the order overruling * * * the motion for a new trial, * * *."

Section 2505.07 (A), Revised Code, reads as follows:

"Appeals to the Supreme Court or to Courts of Appeals, or from Municipal Courts and from Probate Courts to Courts of Common Pleas, shall be perfected within twenty days.

"When a motion for a new trial or a motion for judgment

under Section 2323.18 of the Revised Code is filed by either party within the time provided by Sections 2321.19 and 2323.181 of the Revised Code, respectively, then the time of perfecting the appeal shall not begin to run, and an appeal shall not be taken, until the entry of the order overruling or sustaining the motion for judgment under Section 2323.18 of the Revised Code, or the motion for a new trial, if only one of such motions shall have been filed, or overruling or sustaining the last of such motions decided, if motions of both kinds shall have been filed.''

In Section 2321.19, *supra*, it is provided:

''The application for a new trial must be made within ten days after the journal entry of a final order, judgment, or decree has been approved by the trial court in writing and filed with the clerk of the court for journalization, * * *.''

Thus it appears that the decision of the trial court of March 26, 1963, was journalized on May 17, 1963, while the motion for a new trial was filed on May 27, 1963. This was within the ten-day period provided in Section 2321.19, *supra*, and hence it is clear that the motion for new trial was filed in time. As a result, Kartorie was precluded from filing his notice of appeal until, as provided in Section 2505.07, Revised Code, ''the entry of the order overruling or sustaining * * * the motion for a new trial.''

Thus it was that it was not until July 22, 1963, or after, when the journal entry overruling the motion for a new trial was filed that Kartorie could even file his notice of appeal, and he had twenty days thereafter to file his notice.

Kartorie's notice of appeal actually was filed on August 5, 1963, which was within the allowable twenty days. That notice was correctly captioned as to the name of the court, correct as to the names of the parties, correct as to case number and type of appeal, but referred to the journal entry of July 22, 1963.

The motion to amend is set forth above and seeks to change the date to ''the 15th day of May, 1963.'' We suggest that the motion to amend may need amendment and that there was no order, final or otherwise, on May 15, 1963. There was such order on May 17, 1963, and we shall assume that is the date intended.

On that assumption, we feel the motion is well taken and

the motion to amend should be sustained, no one having been prejudiced by the earlier error, if it be such.

It is not necessary to pass on the motion to dismiss or, if it be applied to the amended amended notice of appeal, it must be overruled.

*Motion sustained.*

DUFFY, P. J., and TROOP, J., concur.

(Decided March 31, 1964.)

ON MOTION to reduce appeal.

BRYANT, J. This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Franklin County, Ohio, equity branch, which at the conclusion of the hearing found no liability on the part of San-Nor Oil Company, Inc., one of the defendants, an appellee herein, sustaining a motion to dismiss, and, as to Phillips Petroleum Company, the other defendant, and an appellee herein, found there was no contract, express or implied, between it and Kartorie, the court rendering final judgment in favor of Phillips Petroleum Company and against Kartorie.

The sole question before the court arises on the motion of the two corporations to reduce the appeal from one on questions of law and fact to one on questions of law only.

The prayer of the amended petition reads as follows:

"Wherefore, plaintiff prays that he be granted judgment against the defendants and that the defendants be ordered to pay to the plaintiff at the end of each and every calendar month hereafter, during the term of said lease by way of concession, ten per cent (10%) of the amount paid to the city of Sandusky, Ohio, under the terms of the lease by way of concession, together with ten per cent (10%) of the fair market value of all improvements constructed or installed by the defendant, San-Nor Oil Co., Inc., its assigns or sublessees under the terms of said lease by way of concesssion, upon the termination of said lease by way of concession, or in the alternative that plaintiff be granted judgment against the defendants in the amount of one hundred fifty thousand dollars ($150,000.00) together with his costs herein expended."

The relief sought was for a money judgment. The motion is well taken and must be sustained.

*Motion sustained.*

DUFFY, P. J., and TROOP, J., concur.