DEVONIAN GAS & OIL CO., APPELLANT, v. BIEHL, APPELLEE.

[Cite as Devonian Gas & Oil Co. v. Biehl, 4 Ohio App. 2d 156.]

(No. 275—Decided March 16, 1965.)

Mr. James R. Addison, for appellant.
Messrs. Davidson, Heckler & Riggs, for appellee.

GRAY, J. This cause comes to this court on an appeal designated as an appeal on questions of law and fact from a personal judgment rendered by the Common Pleas Court of Washington County, in favor of defendant against plaintiff. The respectives parties will be referred to as they appeared in the court below. Other counsel represented the parties in the trial court.

Plaintiff filed its petition asking for partition of the working interest in two oil and gas leases in which it was the owner of an undivided one-half interest and in which the de-

fendant was the owner of the other undivided one-half interest, also a cancellation of a mechanic's lien filed against its interest by defendant, and an accounting from the defendant.

The defendant filed an answer setting forth that he furnished certain labor, materials and fuel in connection with the operation of such leases and that he perfected a mechanic's lien upon plaintiff's undivided interest in the lease to secure his claim for such labor, material and fuel, praying for a money judgment in the amount of $3,831.40.

Plaintiff filed a reply admitting that it owed defendant an amount of money equal to the reasonable value of work actually performed. Plaintiff renewed its demand for an accounting.

The court, without the intervention of a jury, found that there was due the defendant the sum of $3,561.40 with interest for labor, materials and fuel furnished by the defendant and rendered a personal judgment against plaintiff therefor. This entry was journalized July 31, 1964.

On August 8, 1964, a motion for a new trial was filed by plaintiff.

On August 19, 1964, the motion for new trial was overruled.

On September 8, 1964, a notice of appeal was filed by plaintiff, which is as follows:

"The plaintiff hereby gives notice of appeal to the Court of Appeals from a judgment rendered by the Court of Common Pleas in the above entitled cause on the .......day of May, 1964. Said appeal is on questions of law and fact."

It should be noted that reference is had in this notice to a judgment rendered by the Court of Common Pleas "on the ......day of May, 1964," and that the appeal is on questions of law and fact.

An inspection of the transcript of the docket and journal entries in this cause shows that no entry was filed in the month of May 1964. The transcript further shows that there were four journal entries filed. (1) Decree in order in Partition which was on the motion of plaintiff and filed December 27, 1962. (2) Entry confirming report and order for sale filed January 21, 1963. (3) Entry denying confirmation, setting sale aside and ordering reappraisal and resale in accordance with stautory procedure filed September 30, 1963, which was on plaintiff's motion. (4) On July 31, 1964, a journal entry was

filed and approved by the court finding the sum of $3,831.40, with interest, due defendant from plaintiff.

Reference is made to the above four entries, specifically, for the purpose of determining which entry plaintiff referred to in its notice of appeal. There could be no appeal from the first three entries for the reason that the notice of appeal was not filed within twenty days in regard to any of them.

Therefore, the only entry to which the notice of appeal could be addressed was the one overruling the motion for a new trial filed August 19, 1964.

The appellant in connection with filing its notice of appeal filed a supersedeas bond on September 8, 1964, in the sum of $4,061.

On February 3, 1965, defendant filed a motion to dismiss the appeal on questions of law and fact filed September 8, 1964, for the following reasons:

(1) The supersedeas bond is invalid.

(2) The judgment appealed from is not designated in the notice of appeal as is required by Section 2505.05, Revised Code.

(3) For want of prosecution.

The second ground for dismissal will be considered first. The Supreme Court of Ohio has stated on numerous occasions that liberal construction must be given to procedural statutes, and in that light that court in *Capital Loan & Savings Co.* v. *Biery,* 134 Ohio St. 333, held that the inclusion of the words "defendants hereby give notice of appeal" in a journal entry overruling a motion for a new trial, where such journal entry was approved in writing by both plaintiff and defendant, was a good and sufficient notice of appeal.

In the case of *Couk* v. *Ocean Accident & Guarantee Corp., Ltd.,* 138 Ohio St. 110, the Supreme Court held that the Court of Appeals had power to permit an amendment to correct an error in the notice of appeal where the date of the judgment appealed from was given as November 13, 1939, when such judgment was actually rendered on November 14, 1939.

The Supreme Court has reversed the Court of Appeals when the latter court refused to amend the notice of appeal by correcting the date of the rendition of judgment. *Mosey* v. *Hiestand, Trustee,* 138 Ohio St. 249.

The Supreme Court has consistently held that when the

notice of appeal is timely filed the appeal is perfected and no other act subsequent thereto is jurisdictional.

In the case of *American Security Corp.* v. *Martin,* 83 Ohio App. 477, the court held that a notice of appeal filed December 3, designating the judgment appealed from as entered December 18, where the only judgment in the cause was entered November 19, could be amended to reflect the correct date in the absence of showing confusion or prejudice to the appellee resulting from such error.

The court in the case of *City of Dayton* v. *Swartzel,* 88 Ohio App. 512, permitted the amendment of a notice of appeal from "the decision" of a lower court instead of from a "judgment."

In the case of *Williams* v. *Martin,* 82 Ohio App. 395, the appellate court permitted an amendment of the notice of appeal where such notice failed to designate any judgment from which the appeal was taken.

In *Manhattan Terrazzo Brass Strip Co., Inc.,* v. *A. Benzing & Sons,* 72 Ohio App. 197, the appellate court held that the notice of appeal could be amended when such notice failed to refer to the final judgment by identity or date.

See also *Richards* v. *Industrial Commission,* 163 Ohio St. 439; *In re Guardianship of Wisner,* 148 Ohio St. 31; *Meyer* v. *Meyer,* 153 Ohio St. 408.

In *Perry* v. *Baskey,* 158 Ohio St. 151, Zimmerman, J., speaking for the court, said at page 155:

"Since appeals and the right of appeal are favored by the law (*Tims* v. *Holland Furnace Co.,* 152 Ohio St. 469, 473, 90 N. E. 2d 376, 379) and since Section 10214, General Code, enjoins a liberal construction of the Appellate Procedure Act 'to promote its object and assist the parties in obtaining justice,' the courts generally have gone far in brushing aside technicalities and in preserving to litigants the right of appeal whenever that can be fairly done."

We hold that the notice of appeal is not fatally defective and is amendable under Section 2505.05, Revised Code.

Leave is hereby given to amend the notice of appeal so that it state that the date of judgment appealed from is August 19, 1964, and the same is considered done.

The court now comes to the question of determining wheth-

er the appeal on questions of law and fact should be dismissed. On May 10, 1962, the Fourth District Court of Appeals decided the case of *Buckeye Union Casualty Co.* v. *Braden,* 116 Ohio App. 348. The first paragraph of the syllabus of that case is as follows:

"Courts of Appeals do not have jurisdiction in appeals on questions of law and fact."

Since that has been declared to be the law in this appellate district, we adhere to that ruling now.

Under the applicable statutes and rules of court this appeal is retained in this court on questions of law only. Plaintiff is given thirty days from the date of the entry journalizing this decision to file its bill of exceptions. Assignments of error and briefs thereafter to be filed in accordance with Rule VII of the Rules of the Courts of Appeals.

Since the court has retained this case on questions of law it deems it not now necessary to pass on grounds one and three of the motion to dismiss the appeal.

*Motion sustained.*

Brown, P. J., and Carlisle, J., concur.