CAREY, APPELLANT AND
CROSS-APPELLEE, *v.* CAREY ET AL.,
APPELLEES AND CROSS-APPELLANTS.

(No. 17-81-30—Decided March 30, 1983.)

*Messrs. Garmhausen, Kerrigan & Elsass* and *Mr. James R. Shenk,* for appellant and cross-appellee.

*Messrs. Blake, Blake & Faulkner* and *Mr. Rodney R. Blake, Jr.,* for appellees and cross-appellants.

MILLER, P.J. This is an appeal from judgments of the Court of Common Pleas of Shelby County.

Plaintiff, Jeanne M. Carey, and defendant, Robert R. Carey, entered into a separation agreement on June 1, 1979, and, on the same date, filed a petition for dissolution of their marriage.

Subsequently, on June 19, 1979, plaintiff filed her "withdrawal of petition for dissolution" and simultaneously filed a complaint stating two causes of action, the first for divorce and the second asserting that the prior separation agreement was entered into under duress and threat of lawsuits rendering the agreement fraudulent, and that the agreement was also totally and completely unfair in that defendant received property of a value in excess of $500,000 while the plaintiff received property with values of less than $40,000. Plaintiff sought a divorce, custody, support, alimony, attorney's fees and an order terminating the agreement of June 1, 1979.

On July 2, 1979, defendant conveyed the real estate of the parties consisting of approximately two hundred fifty acres to a newly formed corporation, Carico, Inc. The stock of Carico, Inc. consisted of one thousand shares, five hundred of which were owned by defendant and one hundred twenty-five shares of which were owned by each of the parties' four children.

Plaintiff thereafter on August 3, 1979, filed her amended complaint naming Carico, Inc., and the four children of the parties as parties-defendant.

Defendant Robert R. Carey filed an individual answer and the corporation and the four children answered seeking to be dismissed as parties-defendant.

Plaintiff then filed her motion for summary judgment on the second claim of her complaint and the parties filed depositions and affidavits both in support of and contra to said motion.

The motion was submitted to a referee of the trial court who made a report and recommendation to set aside the agreement to which defendant Robert R. Carey filed his objections. The trial court overruled the objections and confirmed the referee's report.

Defendant Robert R. Carey filed his notice of appeal from said judgment which appeal was dismissed for the reason that the judgment entry was not final in that it did not dispose of all issues before the trial court. Thereafter, on January 20, 1981, defendant Robert R. Carey filed a counterclaim for divorce and the matter came on for trial on the counterclaim, plaintiff having withdrawn the first claim of her amended complaint.

The trial court rendered its decision, made separate findings of fact and conclusions of law, and on October 21, 1980, entered a decree of divorce for defendant Robert R. Carey together with a distribution of property.

Plaintiff filed her notice of appeal from the final judgment entered October 21, 1980, and defendants filed their notice of appeal from the judgment entry entered May 30, 1980 on plaintiff's motion for summary judgment on the second claim of her complaint for relief from the provisions of the separation agreement. Neither of the parties claims error as to that portion of the judgment entry dissolving the marriage contract between the parties.

We will first consider the assignments of error set forth by defendants which are as follows:

"1.  The Court erred in setting aside the Separation Agreement between Jeanne M. Carey and Robert R. Carey on a motion for summary judgment without first deciding whether or not there was a genuine issue as to any material facts.

"2.  The Court erred in setting aside the separation agreement in that it was an executory contract that had been fully performed.

"3.  The Court erred in setting aside the separation agreement without first considering whether or not it had been ratified.

"4.  The Court erred in its decision of July 6, 1981, in the subsequent judgment pursuant thereto in failing to consider the rights of Carico, Inc. and its stockholders."

The first three assignments of error are directed specifically to the action of the trial court in setting aside the separation agreement.

Plaintiff alleged in the second count of her complaint that the purported agreement "was signed by her under duress, force and undue influence, * * * that she signed said writing after the defendant husband made material misrepresenta-

tions of fact to her, * * * that the alleged separation agreement is unfair, unconscionable and not an equitable division of property," that "plaintiff was not represented by counsel at the time," and "that said separation agreement divides the assets of the parties to Robert R. Carey, husband herein, in an amount of roughly $500,000.00 and to the plaintiff a present value of approximately $8,-000.00," as well as the transfer of the real estate subsequent to the filing of the divorce petition.

The record substantiates that plaintiff sought summary judgment on the second count of the complaint.

The report and recommendation of the referee provided as follows:

"The motion of the Plaintiff to set aside a separation agreement entered into between herself and the Defendant came on for hearing. Both parties were present and both parties represented by counsel.

"Referee finds that the separation agreement was prepared, executed and filed in this court with a Petition for Dissoultion [sic] of marriage.

"Referee finds that the Plaintiff in this cause was not represented by counsel at the time of the preparation and execution of the separation agreement but that the Defendant was.

"Referee finds that the Defendant, by the separation agreement, was to receive assets approximately 10 times the amount in monetary value as that of the Plaintiff herein. The Defendant herein, under the said agreement, was to receive approximately $500,000.00 worth of assets with the Plaintiff to receive approximately $50,000.00.

"The Referee finds that the separation agreement is not fair and equitable and that by reason thereof that the same should be set aside and found to be null and void. * * *"

After overruling defendant Robert R. Carey's objections to the report and recommendation, the trial court entered the following judgment:

"This matter comes on before this Court on the Objections to the Report, Findings and Recommendations of the Referee.

"The Court, after being fully advised in the premises, finds that the Report of the Referee is hereby confirmed and further, that the Court finds that the Separation Agreement is not fair and equitable and that by reason thereof the same should be set aside and found to be null and void."

Civ. R. 56 controls summary judgments and provides in part:

"(C) * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

In *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327 [4 O.O.3d 466], it is stated that:

"Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

A separation agreement which is fair and equitable, and free from fraud is valid and enforceable. Conversely, if the separation agreement was procured by fraud, or it appears that an unfair advantage has been taken of either party thereto in its execution the agreement will not be enforced. 2 Ohio Jurisprudence 3d 26 (Interim Topics), Divorce and Separation, Section 9.

Such determination based on the evidentiary matters before the trial court on plaintiff's motion for summary judgment would necessitate a weighing of facts which cannot be accomplished in a summary judgment action.

Plaintiff asserts that the separation agreement was rendered ineffective by the withdrawal of the petition for dissolution pursuant to R.C. 3105.61 *et seq.*

In *Greiner* v. *Greiner* (1979), 61 Ohio App. 2d 88 [15 O.O.3d 95], the court distinguished between a separation agreement entered into for the sole purpose of a dissolution and an agreement containing language evidencing the intent of the parties that the separation agreement should survive the dismissal of a dissolution petition.

The separation agreement herein specifically provided:

"This agreement, or any amendment thereto, shall be submitted to any court in which a Petition for Dissolution of Marriage or an action between the parties for divorce may be pending and, if found by the court to be fair and equitable and approved as validated by the court, shall be incorporated into the final decree of said court on the order of said court."

We conclude that the parties did not intend that the separation agreement be limited solely to a petition for dissolution.

We find defendants' first three assignments of error to be well-taken.

Defendants' fourth assignment of error is from the judgment of July 6, 1981, and is "raised for review only if the Court,

in its review of the other assignments of error, would prejudice the rights of Carico, Inc. and its stockholders."

We note that defendants' notice of appeal is "from the Judgment Entry entered in this action on the 30th of May, 1980."

App. R. 3(C) provides that "[t]he notice of appeal * * * shall designate the judgment, order or part thereof appealed from; * * *."

While a notice of appeal which fails to properly designate the judgment appealed from may be amended (*Hebden* v. *Hebden* [App. 1958], 79 Ohio Law Abs. 539; *Kartorie* v. *San-Nor Oil Co.* [1963], 119 Ohio App. 507 [28 O.O.2d 129]; *Devonian Gas & Oil Co.* v. *Biehl* [1965], 4 Ohio App. 2d 156 [33 O.O.2d 205]), no amendment of the notice of appeal herein was ever made.

We conclude that defendants' fourth assignment of error is not reviewable herein.

Plaintiff's seven assignments of error are as follows:

"I.   The trial court erred in failing to award Mrs. Carey a fair and equitable share of the parties' property.

"II.   The trial court erred in awarding property of Mrs. Carey to Mr. Carey as alimony.

"III.   The trial court erred in failing to fashion a property settlement which would have awarded Mrs. Carey an equitable share of the parties' assets and yet preserved the family farm.

"IV.   The trial court erred in taking into consideration the contribution of the children in making its division of property.

"V.   The court erred in: a) Averaging the real estate appraisal of defendant's appraiser and plaintiff's appraiser; b) failing to adopt the appraisal of plaintiff's appraiser; c) failing to use the appraisal of plaintiff's appraiser as of the trial date.

"VI.   The trial court erred in failing to include the value of the corn in storage as an asset, and in failing to include the value of feed, chemicals, and fertilizer which had been purchased but not yet applied as assets.

"VII.   The trial court erred in finding that plaintiff had withdrawn her amended complaint."

To the extent that the trial court proceeded to a hearing on defendant Robert R. Carey's counterclaim and attempted to make a distribution of property as if the separation agreement between the parties was in fact null and void, plaintiff's assignments of error one through six are well-taken.

Additionally, since we have held that the separation agreement should not have been set aside on plaintiff's motion for summary judgment, any award of property to plaintiff in excess of that provided for in the separation agreement was erroneous.

Plaintiff's seventh assignment of error is based upon the trial court's determination that plaintiff had withdrawn her complaint and amended complaint.

The transcript of proceedings in pertinent part indicates the following:

"MR. KERRIGAN: * * * It's my understanding that the Defendant wishes to proceed on their counterclaim to our divorce complaint. We are withdrawing our complaint and the answer to the counterclaim at this time.

"THE COURT: All right, the complaint filed on behalf of the Plaintiff and the answer to the counterclaim are withdrawn.

"* * *

"THE COURT: You may proceed. Just for the record, Mr. Kerrigan, did you withdraw your complaint? I notice there is an amended complaint. I assume you wish to withdraw the amended complaint also?

"MR. WALLACE: I think we have to keep the corporation in on this. I think we do not intend to proceed against — with the one cause of action in this case and that's the first cause of action on the amended complaint. We'll withdraw that.

The second cause of action, relative to the corporation, we must keep in.

"THE COURT: All right, fine. * * *"

It thus appears that plaintiff never withdrew the second cause of action of the amended complaint dealing with the issue of the fairness of the separation agreement and of the transfer of real estate to the corporation by the defendant Robert R. Carey subsequent to the filing of the action but prior to hearing.

To that extent the seventh assignment of error is well-taken.

For the errors set forth above we must reverse the trial court's summary judgment setting aside the separation agreement between the parties and that portion of the final judgment ordering distribution of the property of the parties, and remand the cause to the trial court for further proceedings on the second cause of action of plaintiff's amended complaint and on defendant Robert R. Carey's counterclaim insofar as the same is directed to the enforcement of the separation agreement and the inclusion thereof in the divorce decree.

*Judgments reversed in part and cause remanded.*

GUERNSEY and COLE, JJ., concur.