**Flint v. Flint**
**Case No. CA-89-08-014**

**Clinton County, (12th)**
**Decided February 5, 1990**
[Cite as 1 AOA 440]

*Hart & Mayer, Charles E. Hart, Jr., 123 W. Main Street, P.O. Box 289, Wilmington, Ohio 45177, for Plaintiff-Appellant*

*Bryant & Mattingly, J.D. Bryant, 115 W. Main Street, P.O. Box 470, Wilmington, Ohio 45177, for Defendant-Appellee*

*PER CURIAM*

This cause came on to be heard upon an appeal, transcript of the docket, journal entries and original papers from the Clinton County Court of Common Pleas, and the briefs of counsel, oral argument having been waived.

Now, therefore, the assignments of error having been fully considered, are passed upon in conformity with App. R. 12(A) as follows:

This case is on appeal from a judgment of the Clinton County Court of Common Pleas finding that the separation and property settlement executed between the parties and incorporated into their divorce decree is fair and equitable.

On November 10, 1988, plaintiff-appellant Asa Flint and defendant-appellee Lois A. Flint entered into a separation agreement disposing of all their property rights. This separation agreement was signed in conjunction with a petition for dissolution; however, the parties dismissed said dissolution petition. Subsequent to the dismissal of the dissolution petition, appellant filed a complaint for divorce on January 31, 1989. Appellee timely answered denying the substance of such complaint and counter-claimed for a divorce from appellant. Following testimony before the court below, appellee withdrew her counterclaim and consented to appellant being awarded a divorce.

The trial court, in granting a divorce in favor of appellant, held that the separation agreement signed by the parties "represents a

valid and binding contract between the parties and shall be enforced and determinative of the property rights between the parties." Consistent with the court's opinion dated July 14, 1989, the separation agreement was incorporated into the final judgment entry on August 7, 1989.

Appellant now brings his timely appeal setting forth the following assignments of error:

First Assignment of Error:
"The court erred in adopting the 'Separation Agreement' as the parties' property settlement."

Second Assignment of Error:
"The court erred in finding the 'Separation Agreement' fair and equitable."

In his first assignment of error, appellant raises the question of whether a separation agreement entered into in contemplation of a dissolution of marriage can be effective if the petition for dissolution is later dismissed. In other words, does a separation agreement survive a dismissal of the dissolution petition pursuant to R.C. 3105.65(A)? We strongly answer affirmatively.

Ohio law does not *per se* nullify a separation agreement intended to be incorporated into a petition for dissolution when the petition is withdrawn or dismissed. The intent of the parties governs whether such an agreement should survive the dismissal of a dissolution petition and be incorporated into a later divorce decree. *Taylor* v. *Taylor* (Feb. 27, 1989), Madison App. No. CA88-08-019, unreported; *Carrey* v. *Carrey* (1983), 9 Ohio App.3d 243; *Greiner* v. *Greiner* (1979), 61 Ohio App. 2d 88.

The separation agreement in question stated:

"This agreement, or any amendment thereto shall be submitted to any court in which a petition for dissolution of marriage or an action between the parties for divorce may be pending, and, if found by the court, shall be incorporated into the final decree as the order of said court."

In addition, this agreement contained the following language:

"If for any reason this agreement shall not be validated and the marriage not dissolved by the court in any action for divorce at the time of the hearing thereon, then this agreement shall remain in full force and effect and it shall be binding on each of the parties hereto, their heirs, administrators, executors, and assigns as to the matter contained herein."

The language of the separation agreement appears to us conclusive on the matter of whether a separation agreement can survive the dismissal of a petition for dissolution. Both appellant and appellee executed an agreement which clearly was intended to be binding and continuous on the parties even though a dissolution may not crystallize.

The stipulations and testimony by both parties indicate that once the separation agreement was executed a division of property ensued. In other words, appellant and appellee, believing that they executed a binding contract, started to perform a property division consistent with the provisions of the agreement. Specifically, appellant moved out of the marital home allowing appellee to take complete control and possession. Further, each party secured possession of household goods and furnishings, motor vehicles and other assets according to the separation agreement, and thereby, retained possession of their respective items at the time of the final divorce hearing.

Based upon the evidence in the record, we conclude that the parties did not intend the separation agreement to be limited by a petition for dissolution and, therefore, hold that the incorporated agreement is fully effective and binding through the trial court's decree. Accordingly, appellant's first assignment of error is overruled.

In his second assignment of error, appellant argues that equitable principles require the separation agreement be set aside. Appellant reasons that his own incapacity as well as appellee's "overreaching" renders the agreement void *ab initio*. We do not agree.

A separation agreement, which is fair and equitable, free from fraud, is valid and enforceable. *Carrey, supra,* at 245. Further, where the parties have dealt at arms' length, the test is whether the agreement is the product of fraud, duress, or undue influence upon the party in the weaker bargaining position. *DiPietro* v. *DiPietro* (1983), 10 Ohio App. 3d 44, paragraph three of the syllabus.

In the instant case, the record shows that both parties made a full representation

regarding their financial status, and each party also had the representation and advice of counsel prior to execution of the agreement. Therefore, we cannot find any basis for appellant's assertion that appellee through duress and/or overreaching procured the agreement against his will.

Appellant primarily contends that he did not have the capacity to form a contract due to mental incompetency resulting from prescribed anti-depressant medication. In order to establish incompetence at the time of the execution of the separation agreement, appellant must prove by clear and convincing evidence that the separation agreement was executed while appellant was mentally incompetent or under the influence of fraud, undue influence or duress. *DiPietro, supra,* at 46. However, appellant has failed to present sufficient evidence of mental incompetency through specific facts and/or expert testimony. In addition, mental depression does not make out a case of incompetency, as pointed out in *DiPietro, supra,* stating: "[i]f agreements between husbands and wives could be set aside on the ground that one of the parties was severely depressed when he or she signed the agreement, separation agreements and other agreements executed by persons involved in dissolution of divorce proceedings would tumble like pins in a bowling alley." *Id.* at 49.

Accordingly, appellant has failed to support his allegations of duress, undue influence and mental incompetency in the execution of the separation agreement. The record is totally devoid of any such support for this proposition and, therefore, we find that appellee did not overreach or take advantage of an alleged weakened state of mind on the part of appellant.

The division of property outlined in the separation agreement does not strike us as unfair or inequitable in that the property was equally divided with appellant's corporation remaining in his hands in exchange for his one-half interest in the marital residence. The Ohio Supreme Court in domestic relation matters holds that "* * * a trial court's discretion, though broad, is not unlimited. A reviewing court may modify or reverse a property division, if it finds that the trial court abused its discretion in dividing the property as it did * * *." *Cherry v. Cherry* (1981), 66 Ohio St. 2d 348, 355.

The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219. We cannot find that the decision of the trial court to uphold the separation agreement between appellant and appellee unreasonable, arbitrary or unconscionable. Therefore, the trial court did not abuse its discretion by finding the separation agreement a fair and equitable resolution of the parties' property rights. Accordingly, appellant's second assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Clinton County Court of Common Pleas for execution upon this judgment.

Costs to be taxed in compliance with App. R. 24.

And the court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty.

It is further ordered that a certified copy of this Memorandum Decision and Judgment Entry shall constitute the mandate pursuant to App. R. 27.

To all of which the appellant, by his counsel, expects.

JONES, P.J., HENDRICKSON and KOEHLER, JJ., Concur.