Defendant-appellant, David H. Shepherd, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting the parties a divorce, but not incorporating the parties' separation agreement.
The parties were married for thirty-seven years. On July 31, 1997, they filed a petition for dissolution, to which they attached and incorporated a separation agreement resolving division of all property, as well as other issues.
On October 20, 1997, plaintiff-appellee, Helen L. Shepherd, filed a motion to convert the dissolution to a divorce. The complaint for divorce requested that the trial court grant plaintiff a divorce and award her an equitable division of the marital property and debts, permanent spousal support necessary to equalize the parties' retirement incomes, and such other relief to which she may be entitled either at law or equity. On December 15, 1998, defendant filed an answer to the complaint for divorce, requesting that the court dismiss plaintiff's petition for divorce, or alternatively, if plaintiff was granted a divorce, that the court adopt and incorporate into the divorce decree the separation agreement the parties executed.
The trial court issued its judgment entry and decree of divorce granting the parties a divorce, finding the separation agreement as presented was not fair and equitable, modifying the separation agreement, and incorporating the modified agreement into its judgment entry and decree of divorce.
Defendant appeals, assigning a single error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT ADOPTING AND INCORPORATING THE PARTIES' SEPARATION AGREEMENT INTO THE DECREE OF DIVORCE.
In his single assignment of error, defendant contends the trial court did not have the discretion to accept or reject the separation agreement, but by virtue of the terms of the agreement, the court was required to incorporate the agreement into the divorce decree without modification.
In support, defendant first cites to paragraph 21 of the separation agreement as evidence that the trial court had no authority to reject the provisions of the agreement:
 INCORPORATION INTO DECREE— If either Husband or the Wife should institute an action for divorce, dissolution of marriage or for alimony only in this State or elsewhere, this Agreement shall be disclosed and presented to the Court in such proceeding with the request that it be adjudicated to be fair, just and proper, that this Agreement and all its terms and provisions shall therein be adopted by said court and embodied in and made a part of the other of said court and the final decree entered in such proceeding.
In connection with that language, defendant notes and distinguishes Carey v. Carey (1983), 9 Ohio App.3d 243. In Carey,
the separation agreement stated that if the court finds the agreement to be fair and equitable, it shall incorporate the agreement into the final decree. Defendant argues that feature distinguishes Carey from the present separation agreement: while the agreement in Carey granted the court discretion to accept or reject the agreement based upon the court's finding the agreement to be fair and equitable, the parties here, by virtue of paragraph 21, did not give the trial court that option. According to defendant, the separation agreement as submitted had to be enforced without the trial court's determining its fairness.
Whether the language of provision 21 even purports to limit the court's authority as defendant contends is questionable. Indeed, the cited provision shows only the parties' intent that the separation agreement survive a withdrawal of a dissolution petition, along with a request for its enforcement. It does not suggest the parties, through those provisions, attempted to abrogate the court's authority to determine whether the agreement is fair and equitable, or should be incorporated into any divorce decree. See R.C. 3105.10(B)(2) (granting trial court authority to enforce separation agreement if it would serve the interests of justice and equity).
The defendant nonetheless reverts to Carey, noting it reversed the trial court's summary judgment determination to void the separation agreement and divide the parties' assets as it saw fit. The appellate court, however, did not find the separation agreement could not be set aside; rather, it found error in the trial court's setting aside the separation agreement on a summary judgment motion, as genuine issues of material fact were present. Moreover, the very language of Carey undermines defendant's arguments on appeal, as Carey stated that a "separation agreement which is fair and equitable, and free from fraud is valid and enforceable. Conversely, if the separation agreement was procured by fraud, or it appears that an unfair advantage has been taken of either party thereto in its execution the agreement will not be enforced." Id. at 245. Contrary to defendant's assertion, underCarey as well as by statute, the trial court properly may determine if the separation agreement is fair and equitable before enforcing the agreement.
Defendant next cites Walther v. Walther (1995), 102 Ohio App.3d 378,382-383, for the proposition that separation agreements are enforceable as long as they are not procured by fraud, duress, overreaching, or undue influence, even if they be unfair, favor one side over the other, or distribute assets unequally. Walther is distinguishable and has little relevance to defendant's case. It involved enforcement of an in-court settlement, as opposed to the separation agreement which the parties here entered into in contemplation of a dissolution that evolved into a divorce action. Moreover, Walther stated: "when the parties enter into an in-court settlement agreement, so long as the court is satisfied that it was not procured by fraud, duress, overreaching or undue influence, the court has the discretion to accept it without finding it to be fair and equitable." Id. at 383. Defendant, however, does not contend the trial court had the discretion to accept the agreement without first deciding its fairness; defendant contends the trial court had no discretion to accept or reject the agreement, regardless of the court's view of its fairness.
Rather, Greiner v. Greiner (1979), 61 Ohio App.2d 88, is persuasive. As here, Greiner involved parties who initially submitted a separation agreement with a petition for dissolution that ultimately was heard as a divorce action. While the separation agreement in Greiner survived the conversion due to the conduct of the parties, not by an express provision in the agreement as here, the agreement nonetheless was before the court in the subsequent divorce action. Greiner thus was required to decide if a trial court is bound by such a separation agreement in a subsequent divorce proceeding.
In answering that question, Greiner held that "[w]hen parties enter into a separation agreement and submit the agreement to the court at the time of trial in a divorce or alimony only action, the trial court has one of several options." Id. at 99. "The first is that it can find the separation agreement fair, just, and reasonable or equitable, and incorporate it by reference so that it becomes part of the decree. The court's second option is to reject some of the terms of the separation agreement, make an independent ruling on those issues, and incorporate the independent rulings and partial separation agreement into the decree. The third alternative is for the trial court to reject the entire separation agreement and make its own findings regarding the issues set forth in the complaint. Lastly, the trial court may acknowledge the existence of a separation agreement, identify it and attach it to the decree, without incorporating it by reference." (Citations omitted.) Id. Therefore, pursuant toGreiner a finding of fairness is necessary to incorporate a separation agreement into the divorce decree.
This court adopted the same rationale in Covault v.Covault (Sept. 24, 1987), Franklin App. No. 87AP-126, unreported (1987 Opinion 2192), and held that pursuant to Greiner, the dismissal of a dissolution action does not automatically invalidate the separation agreement, but rather evidences, as here, that the agreement was intended to survive a dismissal of dissolution and render the separation agreement a matter for the trial court's consideration. Indeed, the court is obliged to "determine whether the agreement is fair, just and reasonable before it can incorporate the terms of the agreement into a divorce decree." Id., citing Greiner, supra. See, also, Kostrevskiv. Kostrevski (July 1, 1993), Franklin App. No. 92AP-1587, unreported (1993 Opinions 3430); Aigner v. Aigner (Nov. 19, 1985), Franklin App. No. 85AP-260, unreported (1985 Opinions 3377) (noting that "in a subsequent proceeding for divorce, or for alimony only, the trial court is not bound by an existing separation agreement theretofore entered into between the parties, and, if it finds that the provisions relating to alimony and the division of property are unfair, or that the agreement was procured by fraud and coercion, or without competent and independent professional advice and assistance for one of the parties, it may set the agreement aside and make a different disposition.") (Citations omitted.); Mash v. Mash (Oct. 16, 1986), Franklin App. No. 86AP-208, unreported (1986 Opinions 2793) (noting that where the trial court properly concludes that the agreement does not provide a fair and just plan for an equitable property division, that agreement may be disregarded).
In the final analysis, the trial court here examined the separation agreement, and determined that the agreement, pursuant to its express provision, survived the motion to convert the dissolution into a divorce per Greiner and Carey. The trial court was not bound by the prior separation agreement. Prior to incorporating the separation agreement into the divorce decree, the trial court first had to find the agreement to be fair and equitable. The trial court found the distribution of assets in the separation agreement to be extremely unequal, rendering the terms of the property division unfair and inequitable. After a thirty-seven year marriage in which all the parties' assets were accumulated during the marriage, the agreement distributed approximately $7,100 in assets to plaintiff and approximately $231,000 to defendant. Because the trial court determined that the agreement, as written, was not fair and equitable, just and reasonable, it further held that it could not be incorporatedin toto into the judgment decree. Greiner, supra;Covault, supra. Concluding that enforcement of all of the terms of the agreement would be contrary to the interests of justice and equity and in violation of R.C. 3105.10(B)(2), the trial court nonetheless found enforcement of portions of the agreement would be fair and just because plaintiff entered into the agreement freely and knowingly without fraud or duress.
"The decision to enforce a separation agreement is a discretionary one and such decision will not be reversed on appeal absent an abuse of discretion." Schneider v. Schneider (1996),110 Ohio App.3d 487, 491, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Because the court did not abuse its discretion in so determining, defendant's single assignment of error is overruled.
Having overruled defendant's single assignment of error, we affirm the judgment of the trial court.
Judgment affirmed.
LAZARUS, P.J., and KENNEDY, J., concur.