JOURNAL ENTRY AND OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel.
Defendant-appellant, MarkMeyers, appeals from his convictions for driving under the influence of alcohol (Euclid Cod. Ord. 333.01(a)(1)(3)) and failure to control a motor vehicle (Euclid Cod. Ord. 333.025) entered after he pled no contest. He argues on appeal that the trial court erred in denying his motion to suppress. We find no merit to the appeal and affirm the defendant's convictions.
At the suppression hearing, the evidence revealed that on January 15, 2000, defendant drove his car off the road at the entrance ramp to I-90 between East 200th and East 222nd streets. After driving into a fence, the defendant exited the vehicle. The Euclid Police Department received a telephone call from a passing motorist regarding the location of the accident. Within minutes, Officer Murowsky located the vehicle, which was unoccupied. The officer stated that there appeared to be no circumstance that would cause the accident other than the driver failing to negotiate the entrance ramp. He noticed fresh damage to the car, a slight odor of alcohol inside the car, and that the engine was still warm. He broadcast the information regarding the accident on the radio so that patrol cars in the area could look for the driver.
Officer Williams, in response to the radio broadcast, began to search the general area of the accident for the driver of the vehicle. Within minutes, the officer spotted the defendant walking on North Lakeland Boulevard about one quarter mile from the accident scene. As the officer got out of his car and approached the defendant, he saw the defendant stumble into a fence along the side of the road. The officer smelled a strong odor of alcohol on the defendant's breath and observed that his eyes were glassy. Upon speaking to him, the officer noticed that the defendant's speech was slurred. The officer testified that it was obvious that he had been drinking. (TR. 10). The defendant identified himself and admitted to the officer that he had been driving the vehicle and had fallen asleep at the wheel. Another officer arrived and drove the defendant back to the accident scene to complete an accident report. Defendant did not protest being transported back to the scene and was not handcuffed.
Upon defendant's return to the accident scene, Officer Murowsky handled the investigation of the accident. The officer asked the defendant what happened, and defendant told him that he had left the Time Out Grill and must have fallen asleep at the wheel. During this conversation, Officer Murowsky smelled a strong odor of alcohol on defendant's breath and also noticed that defendant's speech was slurred and that his eyes were red and glassy. He therefore administered three different field sobriety tests to the defendant, specifically the horizontal gaze nystagmus test, the one-leg balance test and the nine-step heel-to-toe test, all of which the defendant failed. Based upon the officer's observations and the defendant's failure of the field sobriety tests, defendant was arrested and transported to the Euclid police station.
After hearing the above evidence, the trial court denied the defendant's motion to suppress, and defendant entered a plea of no contest.
Defendant timely appeals, assigning one assignment of error.
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS.
Defendant argues that the trial court erred in denying his motion to suppress because the officer had no probable cause or reasonable suspicion on which to base the stop of the defendant; defendant was not given a Miranda warning before being interrogated; and that the arresting officer had no authority to arrest him for a misdemeanor which the officer did not witness.
The scope of our review regarding a motion to suppress was set forth by this court in State v. Curry (1994), 95 Ohio App.3d 93,96, as follows:
 In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v. Clay (1973), 34 Ohio St.2d 250, 63 Ohio Op.2d 391, 298 N.E.2d 137. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence.
 See State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908.
The Fourth and Fourteenth Amendments to the United States Constitution as well as Section 14, Article I of the Ohio Constitution prohibit any governmental search and seizure, including a brief investigatory stop, unless supported by objective justification. Terry v. Ohio (1968),392 U.S. 1; State v. Andrews (1991), 57 Ohio St.3d 86, 87. In order to justify a brief investigatory stop or detention pursuant to Terry, the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. State v. Williams (1990),51 Ohio St.3d 58, 60, quoting, Terry, supra at 21. Whether an investigatory stop is reasonable given the situation depends upon the totality of the circumstances surrounding the incident. Id. The propriety of an investigatory stop must be assessed in light of the totality of the surrounding circumstances as viewed through the eyes of a reasonable police officer who must confront those circumstances on the scene. State v. Andrews (1991), 57 Ohio St.3d 86, 87-88.
In the present case, Officer Murowsky testified to smelling alcohol in the abandoned vehicle and could find no reason for the accident except that the driver had lost control of the vehicle. The engine was still warm, indicating that the accident had recently occurred. Officer Williams testified that he found the defendant a quarter of a mile away from the accident scene a few minutes after the accident was reported to the police. Officer Williams at that time had reasonable justification to stop the defendant, given the information he received from Officer Murowsky, because it was likely the defendant was the driver of the vehicle. Once Officer Williams detained the defendant for initial questioning, further detention became necessary because the defendant admitted to driving the vehicle and falling asleep at the wheel, and the officer could smell alcohol on the defendant's person, his eyes were glassy and his speech slurred. At this time, the officer had an articulable reasonable suspicion that the defendant had committed a crime, driving while intoxicated. Although the defendant was transported back to the accident scene for further questioning, he was not placed under arrest or in custody because the defendant accompanied the officer voluntarily and without protest. The transport of the defendant back to the accident scene was also reasonable and lawful given the strongly suggestive circumstances that gave rise to the officer's suspicion that the defendant had been driving while intoxicated. State v. McFarland (1982), 4 Ohio App.2d 158, 161.
The warnings set out in Miranda v. Arizona (1966), 384 U.S. 436, are required only when a suspect is subjected to custodial interrogation. When determining whether an individual is in custody for purposes of Miranda, it must be determined whether there was either a formal arrest or a restraint of an individual's freedom of movement commensurate with that of a formal arrest. Id.
In this case, when Officer Williams initially stopped the defendant and questioned him, the defendant was not in custody; therefore, there was no need to issue him Miranda warnings. Also, when he was transported back to the accident scene in the police car, he did so voluntarily and was not in police custody. The transport back to the accident scene was commensurate with department policy in investigating an accident scene and not for the purpose of arrest. See, State v. McFarland (1982),4 Ohio App.3d 158 (placing a person in police vehicle does not transform stop or investigative detention into an arrest.) Therefore, there was no need to issue Miranda warnings. It was not until he failed the field sobriety tests that the defendant was taken into custody and arrested. At that point, no interrogation was conducted, and, therefore, no Miranda warning was required.
We also find that the arrest of the defendant was made with probable cause. Although the arresting officer did not witness the accident, defendant admitted that he had been driving the vehicle and that he had fallen asleep at the wheel. The officer also detected alcohol on defendant's breath and noticed that defendant's eyes were red and glassy. Upon conducting three field sobriety tests on the defendant, all of which he failed, he was arrested. Based upon these circumstances, the officer had probable cause to arrest the defendant.
We find the trial court did not err in denying the defendant's motion to suppress under these circumstances. The defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Euclid Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ COLLEEN CONWAY COONEY, JUDGE
DIANE KARPINSKI, A.J., AND JAMES D. SWEENEY, J., CONCUR.