JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellants, Brenda Adrine, et al. ("appellants"), bring this appeal challenging the trial court's decisions granting summary judgment against them and granting a default judgment in favor of the counterclaim of appellees, Miles Landing Homeowner Assoc, et al. ("appellees"). Appellants further seek to appeal the trial court's denial of the motion for relief from judgment of appellant Patricia Dozier.[1] After a thorough review of the record and for the reasons set forth below, we dismiss appellants' appeal in its entirety.
 {¶ 2} Appellants, who are nine condominium owners, filed their complaint against appellees in June 2005. Appellees filed their answer and counterclaim in August 2005. Appellants failed to file an answer to the counterclaim. On March 28, 2006, appellees filed a motion for default judgment, and on April 21, 2006, they filed a motion for summary judgment.[2] Also on April 21, 2006, the trial court held a default hearing; appellants failed to appear. The court granted appellees a default judgment on May 4, 2006, and it granted appellees summary judgment on June 14, 2006. On July 6, 2006, appellants filed a motion to vacate judgment, which was denied by the trial court.
 {¶ 3} On July 14, 2006, appellants filed a notice of appeal in Case No. 88452, stating that they were appealing the summary judgment. In its journal *Page 4 
entry dated February 5, 2007, this court dismissed the appeal "for lack of jurisdiction, because there is no final, appealable order. R.C. 2505.02 and Civ. R. 54(B). The [defendants] included Bevy-Holt and Rutledge in their counterclaim, but did not include them in their motion for default judgment. Also Dozier was included in the motion for default judgment, but no award of damages was made against Dozier. If a final, appealable order is obtained through, e.g., dismissal, resolution, or 54(B) certification, within 30 days of this entry, the appellants may move to reinstate this appeal."
 {¶ 4} On June 28, 2007, appellant Dozier filed a motion for relief from judgment in the underlying case, which the trial court denied on July 20, 2007. On July 23, 2007, in a nunc pro tunc entry of its May 4, 2006 order, the trial court stated: "Defendant's motion for default on its counterclaims and the attached supporting affidavit, filed on 3/28/06, sought judgment against nine plaintiffs, including Patricia Dozier ("Dozier"). The affidavit specified the monetary amount sought by the defendant against each plaintiff. On 5/4/06, the motion for default was unopposed and granted and a journal entry of default judgment was submitted osj. Said entry omitted the monetary amount sought by defendant against Dozier only. The court hereby amends the entry to reflect the $1,496.69 default judgment sought and rendered against Dozier pursuant to the motion for default and the supporting affidavit."
 {¶ 5} Appellants did not obtain a final appealable order until July 23, 2007, more than 30 days after their first appeal was dismissed; therefore, *Page 5 
appellants filed a separate appeal. Their notice of appeal was filed in this case on August 14, 2007.
 {¶ 6} Appellants attached five journal entries to their August 14, 2007 notice of appeal, including orders in which the trial court: (1) denied appellants' motion to disqualify appellees' counsel; (2) granted James Major's oral motion to withdraw as appellants' counsel; (3) allowed appellees to withdraw their previously filed motion to dismiss counterclaims against certain appellants because it should have been captioned a Notice of Dismissal; (4) denied a motion to appoint a receiver; and, (5) issued a nunc pro tunc order to include the proper amount of damages against Patricia Dozier. Appellants failed to attach the trial court's orders granting summary judgment and default judgment in appellees' favor or its order denying Dozier's motion for relief from judgment.
 {¶ 7} On November 9, 2007, appellees filed a motion to dismiss the appeal, arguing that this court lacks jurisdiction to review the arguments appellants make in their brief. Specifically, appellees argue that appellants' failure to follow App. R. 3(D) demands that this court dismiss the appeal. We agree.
 {¶ 8} "I. The trial court erred in granting summary judgment in favor of defendants as there were genuine issues of material fact."
 {¶ 9} In their first assignment of error, appellants claim they are challenging the trial court's decisions granting summary judgment. This order is not properly before this court because appellants failed to comply with App. R. 3(D). *Page 6 
 {¶ 10} App. R. 3(D) provides in pertinent part that "[t]he notice of appeal * * * shall designate the judgment, order or part thereof appealed from * * *."
 {¶ 11} "App. R. 3 must be construed in light of the purpose of a notice of appeal, which is to notify appellees of the appeal and advise them of just what appellants * * * [are] undertaking to appeal from.' MaritimeMfrs., Inc. v. Hi-Skipper Marina (1982), 70 Ohio St.2d 257,436 N.E.2d 1034. This court has previously held that we are without jurisdiction to review a judgment or order which is not designated in the appellant's notice of appeal. Schloss v. McGinness (1984), 16 Ohio App.3d 96,474 N.E.2d 666. See, also, Carey v. Carey (1983), 9 Ohio App.3d 243,459 N.E.2d 626." Parks v. Baltimore Ohio R.R. (1991), 77 Ohio App.3d 426,602 N.E.2d 674.
 {¶ 12} Appellants' notice of appeal designates five orders by the trial court, but none of the orders addresses the granting of summary judgment. Appellees were not put on notice of appellants' intention to challenge this order. Furthermore, appellants' attempt to "bootstrap" their summary judgment challenge to their previously dismissed appeal fails.[3] Appellants had the opportunity to reinstate their first appeal, but did not. Therefore, this court dismisses appellants' first assignment of error for lack of jurisdiction. *Page 7 
 {¶ 13} "II. The trial court erred in granting appellee Miles Landing Homeowner Association a default judgment because the plaintiffs had made an appearance."
 {¶ 14} Next, we address whether the notice of appeal satisfies App. R. 3(D) as it pertains to appellants' second assignment of error. We find it does not. The only possible reference we find to the default judgment order is in the July 23, 2007 nunc pro tunc entry attached by appellants. This reference is insufficient to put appellees on notice, as required by App. R. 3(D), that appellants are challenging default judgment as to all appellants, especially since appellant Dozier relies on this order to challenge the denial of her motion for relief from judgment.
 {¶ 15} Furthermore, we do not find appellants' claim meritorious. Civ. R. 55(A) provides for relief on a claim "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules * * *." "[T]his rule applies to original claims as well as to counterclaims under Ohio R.Civ.P. 55(C), and is logically consistent with the general rule of pleading contained in Ohio R.Civ.P. 8(D), which reads in part that averments in a pleading to which a responsive pleading is required are admitted when not denied in the responsive pleading." Longbrake v. Rebarchek (In reRebarchek) (Bankr. N.D.Ohio 2002), 293 B.R. 400.
 {¶ 16} Appellants admit they never answered the counterclaim; however, they argue they answered, appeared, or otherwise defended against the *Page 8 
counterclaim by having initiated the lawsuit. This is clearly not what Civ. R. 55(A) contemplated. If it were, no defendant could successfully move for default judgment, and we know this is not the case.[4] More logically, appearing for purposes of staving off a default judgment refers to a party appearing at the default hearing in order to plead or otherwise defend.
 {¶ 17} We dismiss appellants' second assignment of error for lack of jurisdiction.
 {¶ 18} "III. The trial court erred by granting a judgment without a hearing to determine the amount owed by the defendant-appellant."
 {¶ 19} It is unclear to this court exactly what appellants are challenging in their third assignment of error. No party to this appeal is designated "defendant-appellant," so we are forced to draw our own conclusion as to the party raising the challenge and on what basis for purposes of this assignment of error. We believe the reference is to appellant Dozier, whom the trial court inadvertently neglected to address in its default judgment entry with respect to damages. As such, the court made a nunc pro tunc entry with reference to the default judgment to correct the error and found Dozier liable to appellees in the amount of $1,496.69.[5] *Page 9 
 {¶ 20} A review of the record indicates that the trial court relied on the appellees' unanswered counterclaim and supporting affidavits to determine that Dozier was liable to appellees for nearly $1,500. These same supporting documents led the trial court to find the other eight appellants liable for damages in amounts specific to payments they owed appellees. We find it was an oversight on the trial court's part, and one that was properly corrected through the use of a nunc pro tunc order. No additional hearing was required to correct the oversight; therefore, appellants' third assignment of error is moot.
 {¶ 21} "IV. The trial court abused its discretion in not granting the appellant-appellant [sic] relief from judgment."
 {¶ 22} For the reasons we cite for dismissing appellants' first assignment of error, we likewise dismiss the fourth assignment of error, in which appellant Dozier challenges the court's denial of her motion for relief from judgment. We are again persuaded by App. R. 3(D), which requires an appellant to designate the order from which it appeals.
 {¶ 23} Appellant Dozier failed to attach to her notice of appeal the trial court's order denying her motion. She seems to suggest that by attaching the nunc pro tunc order, she has effectively put appellees on notice of what order she intends to challenge. We disagree that this constitutes sufficient notice. Furthermore, were we to exercise our discretion and allow an appeal of the *Page 10 
default judgment, we find appellants' claim to be without merit. (See Assignment of Error III.) Appellants' fourth assignment of error is dismissed for lack of jurisdiction.
It is ordered that appellees recover of appellants costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., CONCURS;
COLLEEN CONWAY COONEY, P.J., CONCURS IN JUDGMENT ONLY.
[1] Appellant Patricia Dozier was the only plaintiff to file a motion for relief from judgment; therefore, the other plaintiffs-appellants lack standing to appeal the court's denial of that motion.
[2] Appellees filed a previous motion for summary judgment on March 6, 2005, but the court struck that motion.
[3] This court held in State v. Church (Nov. 2, 1995), Cuyahoga App. No. 68950, that an appellant may not use a subsequent order to indirectly appeal a prior order, otherwise known as "bootstrapping" as it "is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order."
[4] This court held in Cejer v. National Paper Packaging Co. (Mar. 28, 1991), Cuyahoga App. No. 58265, that Civ. R. 7(A) specifically requires a reply to a counterclaim, and allegations in a complaint will not suffice to constitute "otherwise defend" against a counterclaim in which a defendant seeks a default judgment.
[5] We draw this conclusion based on the use of the singular "defendant-appellant" and the knowledge that a hearing was held on April 21, 2006 on appellees' motion for default judgment. Dozier was included in the liability portion of the court's May 4, 2006 order, and only the damages portion was left out of the order. Otherwise, appellants refer to themselves in the plural form throughout each section of their brief. *Page 1