[Cite as *Kennedy v. Jacobs*, 2012-Ohio-4604.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98285**

---

## STELLA MOGA KENNEDY

PLAINTIFF-APPELLEE

vs.

## THOMAS JACOBS, A.K.A., TOM JACOBS, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:
REVERSED AND REMANDED**

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-755995

**BEFORE:**  Stewart, P.J., S. Gallagher, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**  October 4, 2012

**ATTORNEY FOR APPELLANT**

Shadrach G. Neiss
Chernett Wasserman, LLC
Tower at Erieview, Suite 3300
1301 East 9th Street
Cleveland, OH    44114


**ATTORNEYS FOR APPELLEE**

Daniel J. Kolick
Michael T. Schroth
Kolick & Kondzer
Westlake Centre, Suite 110
24650 Center Ridge Road
Westlake, OH    44145

MELODY J. STEWART, P.J.:

{¶1} Defendant-appellant Thomas Jacobs appeals from a judgment ordering him to pay punitive damages, entered nunc pro tunc to an earlier order that granted summary judgment to plaintiff-appellee Stella Moga Kennedy. The court issued the nunc pro tunc order to include an award of compensatory and punitive damages that it had not made in the original order granting summary judgment. Jacobs's sole assignment of error is that the award of punitive damages exceeded the bounds of what is permissible in rendering judgment nunc pro tunc.

{¶2} The procedural aspect of the assigned error makes it unnecessary to dwell on the underlying facts. It will suffice to state that Kennedy hired Jacobs and his limited liability company, BZ Media LLC, to make a documentary film. She gave BZ Media $40,000 to cover production costs, but claimed that Jacobs did not deliver the documentary film as promised and refunded her only $2,000. Kennedy filed this action setting forth claims of fraud, conversion, unjust enrichment, and breach of contract. Jacobs answered the complaint, but BZ Media did not. The court granted a default judgment against BZ Media. Kennedy and Jacobs filed cross-motions for summary judgment. The court granted summary judgment in part to Kennedy on all but the unjust enrichment claim (it held that claims for an express contract and an implied contract were mutually exclusive), finding that Jacobs "is personally liable for the acts and debts of the corporation BZ Media, LLC of which he is the only shareholder. The court denied

Jacobs's motion for summary judgment. The court's opinion did not award any damages. Two weeks later, the court issued a nunc pro tunc entry granting Kennedy compensatory damages of $38,000 and punitive damages of $50,000.

{¶3} A "nunc pro tunc" entry is used retrospectively to correct clerical errors in a judgment so that the judgment reflects that which the court intended. *State v. Brown*, 136 Ohio App.3d 816, 819-820, 2000-Ohio-1660, 737 N.E.2d 1057 (3d Dist.2000). The use of the term "clerical" to describe the errors that may be corrected nunc pro tunc refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment. *Dentsply Internatl., Inc. v. Kostas*, 26 Ohio App.3d 116, 118, 498 N.E.2d 1079 (8th Dist.1985).

{¶4} In some circumstances, the court can properly amend a judgment nunc pro tunc to include an award of damages that had been omitted from the original judgment. Judgments most amenable to entry of damages nunc pro tunc are those where the damages are liquidated. For example, in *Adrine v. Miles Landing Homeowner Assn*., 8th Dist. No. 90302, 2008-Ohio-3041, we found no error in a nunc pro tunc entry stating an amount of damages as prayed for in a default judgment. And in *Berardi's Fresh Roast, Inc. v. PMD Ents., Inc*., 8th Dist. No. 90822, 2008-Ohio-5470, we found no error in a nunc pro tunc entry stating damages based on ascertainable, contractual installments.

{¶5} The punitive damages sought by Kennedy were not the kind that were liquidated or so easily ascertainable on undisputed evidence they could be entered nunc pro tunc. Even though the parties filed cross-motions for summary judgment, they

disputed whether a breach of contract occurred or whether Jacobs engaged in fraud. Jacobs's cross-motion for summary judgment contained evidence showing that some of Kennedy's money was used to make nonrefundable, international travel arrangements and those arrangements were unilaterally cancelled by Kennedy. Kennedy conceded that production had been "temporarily delayed while I dealt with a family illness." On this basis alone, even if the court could find as a matter of law that Jacobs acted with the kind of malice necessary to impose punitive damages, there was a factual issue regarding the amount of punitive damages. It follows that any punitive damages award was nonliquidated or not easily ascertainable and should not have been entered nunc pro tunc.

{¶6} We find no persuasive authority for the court's decision to award punitive damages in a summary judgment. Kennedy cites *Jack Wolfe, Inc. v. Jack Maxton Chevrolet, Inc.*, 4th Dist. No. 1449, 1980 Ohio App. LEXIS 12985 (Nov. 12, 1980), for the proposition that a court may award punitive damages on summary judgment. *Wolfe* did not specifically address the issue of whether a court may award punitive damages on summary judgment; indeed, it contains no legal analysis of any kind. The court merely concluded that "[i]n light of the discretionary nature of punitive damages and the factual situation here we are inclined to support the conclusions of the Trial Court." *Id.* at *3-4. *Wolfe* has not been cited by another court and its perfunctory conclusion is not binding on us.

{¶7} Punitive damages are based on the conduct of the tortfeasor, so the amount of punitive damages to be awarded are necessarily subject to fact-finding. Such

fact-finding would be beyond the scope of a motion for summary judgment. In this case, the $50,000 amount that the court ordered as punitive damages was less than the $125,000 that Kennedy sought in her complaint. This meant that the court must have engaged in some form of fact-finding to reach this result — an act that showed that punitive damages were not liquidated or readily ascertainable. The award of punitive damages went beyond the scope of what is permitted by a nunc pro tunc entry.

{¶8} It follows that the portion of the March 27, 2012 nunc pro tunc entry granting punitive damages in the amount of $50,000 is void. The assigned error is sustained and the $50,000 punitive damage award is vacated.

{¶9} This cause is reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., CONCUR